J. S55005/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES E. STEINMAN, JR., | : | No. 1334 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 15, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011367-2009

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 08, 2015**

This is an appeal from the judgment of sentence imposed on July 15, 2014, following the revocation of probation in the Court of Common Pleas of Allegheny County that was made final by the July 28, 2014 order denying appellant's post-sentence motion.  We affirm.

On September 14, 2009, appellant was charged with involuntary deviate sexual intercourse with a child, indecent assault of a person under 13, indecent exposure, endangering the welfare of a child, and corruption of minors.[1]  On May 3, 2010, the Commonwealth summarized the facts of this case at appellant's guilty plea and sentencing hearing:

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 3127(a), 4304(a) and 6301(a)(1), respectively.

> THE COMMONWEALTH: If this case were to proceed to trial, the Commonwealth would have called Allegheny County police detectives and the victim in this case, the 13-year-old John Doe, who would have testified that the victim disclosed at a forensic interview that he had been sexually assaulted by way of indecent contact by a relative of his biological father, that relative being the defendant.
>
> He reported that the abuse occurred when he, the victim, was approximately 7 years of age and was residing with his biological mother. And the victim stated that the indecent contact occurred while the actor was babysitting him in the residence.
>
> It would have been at that point, Your Honor, that the Commonwealth would have rested.

Guilty plea and sentencing hearing, 5/3/10 at 4-5.

Pursuant to a plea agreement with the Commonwealth, appellant pled guilty to indecent assault and corruption of minors, the remaining charges were withdrawn, and appellant agreed to a sentence of probation to be set by the trial court. Appellant was immediately sentenced to a term of probation for three years. Registration under Megan's Law was also imposed. In addition to having no contact with the victim, appellant was ordered to comply with any condition imposed by the probation office. Neither post-sentence motions nor a direct appeal were filed.

Appellant appeared before the trial court on March 27, 2012, for a **Gagnon I**[2] hearing. Appellant's probation had been transferred to Westmoreland County where he failed to attend six appointments.

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

(**Gagnon I** hearing, 3/27/12 at 2.) Appellant's probation was transferred back to Allegheny County where the trial court lifted the detainer and ordered appellant released from jail. (**Id.** at 2-3.) Appellant received a new three-year term of probation with credit for 175 days of incarceration from October 5, 2011 to March 27, 2012. (**Id**.) Appellant was again ordered to comply with all of the original conditions of his sentence including sex offender treatment. (**Id**. at 3.)

On February 13, 2013, appellant appeared before the trial court for a probation violation hearing. Appellant had failed to report to the probation office as directed. Appellant told the probation office that he did not have a permanent address, which resulted in his arrest and criminal charges for failing to comply with Megan's Law registration requirements; however, those charges were withdrawn. (Probation violation hearing, 2/13/13 at 2-3.) The trial court agreed to impose a new term of probation during which appellant agreed to live with his mother and attend sex offender treatment. (**Id.** at 3-4). Appellant received a new four-year term of probation with credit for 341 days of incarceration from October 5, 2011 to March 27, 2012, and from September 1, 2012 to February 13, 2013.

On July 15, 2014, appellant appeared before the trial court for another probation violation hearing. Appellant had failed to report and have contact with the probation office, and he failed to comply with Megan's Law registration upon his release in February of 2013. The trial court revoked

appellant's probation and sentenced him to 1 to 4 years' incarceration to be served consecutively to another sentence he was already serving from Westmoreland County.[3] On July 21, 2014, appellant filed a timely motion to reconsider sentence that was denied on July 28, 2014. This appeal followed. Appellant timely complied with the trial court's order to file a concise statement of errors complained of on appeal. The trial court issued its opinion on January 9, 2015.

Appellant raises one issue for our review:

I. WHETHER [APPELLANT'S] REVOCATION SENTENCE OF 1-4 YEARS['] INCARCERATION IS MANIFESTLY EXCESSIVE AND, THEREFORE, AN ABUSE OF DISCRETION WHEN THE TRIAL COURT DID NOT HAVE THE BENEFIT OF A PRE-SENTENCE INVESTIGATION REPORT OR ANY OTHER INFORMATION CONCERNING HIS STATUS, CHARACTER, AND SERIOUS REHABILITATIVE NEEDS?

Appellant's brief at 4.

In this appeal, appellant challenges the discretionary aspects of his sentence after probation revocation. In **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa.Super. 2013) (**en banc**), an **en banc** panel of this court concluded that "this Court's scope of review in an appeal from a

---

[3] Two separate criminal cases were filed against appellant in Westmoreland County for failing to register under Megan's Law. In each of the Westmoreland County cases, appellant received 18 months to 5 years' incarceration with 410 days credit. These sentences were run concurrent.

revocation sentencing includes discretionary sentencing challenges." Therefore, appellant's claim is properly before us.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Id***. (citation omitted).

Here, appellant filed a timely notice of appeal. He also has included a concise statement of the reasons relied upon for allowance of appeal in his brief pursuant to Pa.R.A.P. 2119(f). In his Rule 2119(f) statement, appellant claims: (1) "the Trial Court did not have the benefit of a pre-sentence investigation ("PSI") report, nor did it provide any reasons for its failure to order a PSI report" and (2) "the Trial Court gave no consideration to relevant sentencing criteria such as the [protection] of the public, the gravity of [appellant's] violation and the rehabilitative needs of [appellant]" which is an

allegation that the trial court did not consider the factors outlined in 42 Pa.C.S.A. § 9721(b). (Appellant's brief at 10.)

Our review of the certified record reveals that most of appellant's arguments were not preserved during his probation violation hearing or in his post-sentence motion. Appellant's counsel failed to object to the lack of a PSI report at the probation violation hearing or request that sentencing be postponed for the preparation of a PSI report. Additionally, counsel did not lodge an objection to the lack of a PSI report in his post-sentence motion. Consequently, this court cannot consider appellant's argument regarding lack of a PSI report. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282-283 (Pa.Super. 2009) (stating that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."); *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super. 2004) (in order to preserve an issue pertaining to the discretionary aspects of sentence, the issue must first be raised either at the time of sentencing, or in a post-sentence motion), *appeal denied*, 860 A.2d 122 (Pa. 2004).

Regarding his second argument that the trial court failed to consider relevant sentencing criteria, appellant failed to allege at sentencing or in his post-sentence motion that the trial court "gave no consideration . . . [to] the [protection] of the public." As a result, this claim is waived. *Id. See also*

*Cartrette*, 83 A.3d at 1042-1043 (while claim that the trial court failed to adequately consider Section 9721(b) factors raised a substantial question, it was waived where it was not included in a post-sentence motion or raised before the trial court at sentencing). However, appellant's arguments that the trial court did not adequately consider the gravity of his probation violation and his rehabilitative needs were preserved, and they raise a substantial question. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa.Super. 2006).

The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000). On review, we determine the validity of the probation revocation proceedings and the authority of the probation revocation court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *See* 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Gheen*, 688 A.2d 1206, 1207-1208 (Pa.Super. 1997). When imposing a sentence of total confinement after a probation revocation, the sentencing court must consider the factors

set forth in Sections 9771(c)[4] and 9721(b) of the Sentencing Code. *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa.Super. 2006); *see also* 42 Pa.C.S.A. § 9721(b) (providing that when determining an appropriate sentence, the court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant). Following the revocation of probation, a probation revocation court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the probation revocation court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010).

Instantly, appellant initially received three years' probation. For his two prior probation violations, he received new terms of probation and was credited with 341 days served. At his original sentencing hearing and two probation violation hearings, appellant was directed to report to the

---

[4] Pursuant to 42 Pa.C.S.A. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:

    (1)   the defendant has been convicted of another crime; or

    (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,

    (3)   such a sentence is essential to vindicate the authority of court.

probation office, comply with the conditions of probation, and register with the state police pursuant to Megan's Law. Clearly, on three separate occasions, the trial court afforded appellant the opportunity for treatment of his issues and rehabilitation outside a prison setting.

When appellant appeared before the trial court on July 15, 2014, for his third probation violation, he was a convicted violator having received two new criminal convictions and was a technical violator, as he never reported to the probation office and could not be located. The trial court explained:

> THE COURT: The difficulty I have with this case is, one, was the seriousness of the offense where you had sex with a 13-year-old child.
>
> I have been supervising you four years. You have done just nothing right during the four years. I mean not even the minimal amount.
>
> You have been arrested three times for not registering for Megan's Law which, according to the reports that I received, was explained to you not only by me, but also by the probation officers. You've been convicted of two of those things.
>
> I see you making no effort to rehabilitate yourself, and because of the seriousness of the original charge, at Count 2, I'm going to revoke, and I'm going to order you to serve one-to-four years consecutive with the sentence you're serving in Westmoreland County.

Probation violation hearing, 7/15/14 at 7.

Based on the above, the trial court was aware of and considered the gravity of appellant's probation violation; *i.e.*, appellant repeatedly failed to abide by the terms of his plea agreement which called for him to register

- 9 -

under Megan's Law and comply with any conditions imposed by the probation office. Appellant made no effort to rehabilitate himself, failed to report to the probation office, and did not take part in sex offender treatment. Additionally, the trial court was also aware that appellant was on disability for borderline mental functioning and that his new convictions for failing to report in Westmoreland County did not involve any victims. (*See id.* at 3-6.)

Undoubtedly, after four years of failing to comply with the terms of his probation, the trial court believed that a sentence of incarceration was necessary to vindicate the authority of the trial court. Although the sentencing guidelines do not apply to sentences imposed as a result of revocation of probation, the sentence imposed in this case was within the guideline range at the time of the initial sentencing. *See Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (observing that the sentencing guidelines do not apply to sentences imposed as a result of revocation of probation).

After review, we conclude that the trial court did not abuse its discretion by imposing appellant's sentence of total confinement which is neither excessive nor contrary to the Sentencing Code. *See Sierra*, 752 A.2d at 915 (holding that the sentencing court's imposition of a prison sentence following a probation violation was not an abuse of discretion, since the sentence was based upon the judge's in-depth knowledge of the

individual, a finding that parole and probation were not effective in rehabilitating the defendant, and a further prison term was appropriate).

Last, we address the following statement that appears at the end of appellant's brief: "[Appellant] had served 1 year, 5 months, and 1 day in jail for a crime having a maximum possible sentence of 5 years. Thus, the Trial Court imposed an illegal sentence, which is further evidence that it abused its sentencing discretion." (Appellant's brief at 17.) We note this statement concerns the legality of appellant's sentence and was not raised in either appellant's post-sentence motion or in his Rule 1925(b) statement.

However, "[i]t is settled that a legality-of-sentence issue 'may be reviewed *sua sponte* by this Court,' due to the fact that an 'illegal sentence must be vacated.'" *Commonwealth v. Stradley*, 50 A.3d 769, 774 (Pa.Super. 2012), quoting *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa.Super. 2003). Moreover,

> [C]laims pertaining to the legality of sentence are non-waivable, [and] may be leveled for the first time on appeal . . . . *Commonwealth v. Dickson*, [918 A.2d 95, 99 (Pa. 2007)] ("challenges to sentences based upon their legality" are not subject to waiver); *see also Commonwealth v. Robinson*, 931 A.2d 15, 19-20 (Pa.Super. 2007) (*en banc*) ("A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained [as] long as the reviewing court has jurisdiction."). In fact, such a claim is not even waived by a party's failure to include it in a Pa.R.A.P.1925(b) statement. *Commonwealth v. Edrington*, 780 A.2d 721 (Pa.Super. 2001) (Commonwealth did not waive position that trial court erred in failing to impose mandatory minimum

sentence under recidivist statute, 42 Pa.C.S. § 9714, even though claim was not included in Commonwealth's Pa.R.A.P.1925(b) statement).

*Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011).

In his brief, appellant fails to present any type of explanation or cite to any statutory authority nor does he refer us to any place in the certified record to prove that his current sentence of 1 to 4 years' exceeded the statutory maximum. We observe it is not this court's role to develop and substantiate appellant's illegal sentence claim. Nonetheless, the Commonwealth has supplied us with the following information:

> [T]here is no information contained in the certified record to support Appellant's assertion that his July 15, 2014 sentence is illegal. Count 2, Indecent Assault, was graded as a first-degree misdemeanor punishable by a term of incarceration not to exceed five years. (DE 2). 18 Pa.C.S.A. § 1104(1). Prior to his July 15, 2014 probation violation sentence, Appellant received credit for 341 days incarceration - from October 5, 2011 to March 27, 2012 and from September 1, 2012 to February 13, 2013. (DE 9). When that incarcerated time is added to his current sentence of 1 to 4 years' incarceration, it does not exceed the five year statutory maximum term of incarceration. Thus, the sentence is not illegal. 42 Pa.C.S.A. §§ 9756, 9760. *See also Commonwealth v. Yakell*, 876 A.2d 1040 (Pa.Super. 2005); *Commonwealth v. Williams*, 662 A.2d 658 (Pa.Super. 1995), *appeal denied*, 674 A.2d 1071 (Pa.1996).
>
> If Appellant is somehow contending that he did not receive all the time-credit due to him, his claim is inadequately developed and unsupported by the certified record. *See* [*Commonwealth v.*]

- 12 -

> ***Rahman***, [75 A.3d 497, 504 (Pa.Super. 2013)]. At Appellant's May 1, 2014 guilty plea and sentencing for the Westmoreland County cases he received 18 months to 5 years' incarceration effective that day with 410 days credit. 42 Pa.C.S.A. § 9760(1) (statutory law provides that credit must be given "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal."). His current Allegheny County sentence of 1 to 4 years' imposed on July 15, 2014 is running consecutive to the Westmoreland County sentences, and it is of note that he was transported from SCI Camp Hill for his probation violation hearing. (DE 10, 11). The certified record does not contain any information on Appellant's arrest for his Westmoreland County cases, but the Commonwealth would note that there were 442 days between Appellant's second Allegheny County probation violation hearing on February 13, 2013 and his May 1, 2014 sentencing in Westmoreland County. Given that Appellant received 410 days credit in his Westmoreland County cases, a logical deduction is that he was arrested in Westmoreland County shortly after his second February 13, 2013 probation violation hearing in Allegheny County and the time-credit due to him went to Westmoreland County. There is nothing in the certified record that indicates Appellant would be due any credit towards his present probation violation sentence. Since Appellant has failed to develop his argument and provide this Court with any supporting information from the certified record, his issue is not ripe for review. He must await collateral review.

Commonwealth's brief at 16-18.

We agree with the Commonwealth's rationale and affirm appellant's judgment of sentence.

J. S55005/15

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/08/2015