**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Todd A. YAKELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.
Filed June 3, 2005.

Randall T. Hetrick, Mercer, for appellant.

James P. Epstein, Asst. Dist. Atty., Mercer, for Com., appellee.

Before: HUDOCK, KLEIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.

¶ 1 Appellant, Todd Yakell, appeals the order of May 26, 2004, granting in part and denying in part his petition under the Post Conviction Relief Act.[1] On appeal, appellant claims that the PCRA court erred in not finding him entitled to credit for time served on his sentence. We reverse and remand for clarification and/or re-sentencing.

¶ 2 The relevant factual history is as follows. On January 8, 2002, appellant pled guilty to one count of driving under the influence, third offense, graded as a misdemeanor of the first degree, and driving during suspension, DUI related. Lower Court Opinion, 8/10/04, at 1. On February 25, 2002, appellant was sentenced to a term of imprisonment of three to eighteen months, followed by twelve months of probation, with a credit of eighty-six days for time served. Sentence, 2/27/02, at 1–2. Due to the combination of this credit as well as the time served by appellant on his sentence after his sentencing, following appellant's drug and alcohol evaluation (a requirement for appellant's parole eligibility), he was released on parole on April 2, 2002. Sentence, 2/27/02, at 2; Lower Court Opinion, 8/10/04, at 2. While on parole, appellant was arrested and pled guilty to a new charge in the State of Ohio. Lower Court Opinion, 8/10/04, at 2. Following Yakell's *Gagnon*[2] hearings, on May 23, 2002, the parole and probation for his DUI conviction were revoked. *Id.* Appellant was resentenced on June 24, 2003. Docket Report, at 4. At this sentencing hearing, the sentencing court noted that appellant was entitled to credit for time served on the prior portion of his sentence. N.T. 6/24/03, at 4. The sentencing court then sentenced appellant to a term of imprisonment of twelve to twenty-four months, with credit for time served of nine days from December 5, 2000, to December 13, 2000; seventy-eight days from December 10, 2001, to February 25, 2002; and forty-two days from May 13, 2003, to June 23, 2003. *Id.* at 8.

¶ 3 Appellant thereafter filed a timely petition under the PCRA seeking credit for time served for the periods of February 26, 2002, to April 2, 2002, and April 17, 2003, to May 12, 2003. Lower Court Opinion, 8/10/04, at 2. The PCRA court determined that appellant was entitled to a total of one hundred fifty-five days of credit for time served, which included the one hundred twenty-nine days from the periods listed by the sentencing court and the twenty-six days for the April 17, 2003, to May 12, 2003, period. Docket Report, at 5. The PCRA court found appellant not entitled to the thirty-six days for the February 26, 2002, to April 2, 2002, period.[3] *Id.* This appeal follows.

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

3. It appears from the record that the sentencing court intended to include the April 17, 2003, to May 12, 2003, period in its calculations since it used the one hundred fifty-five-

¶ 4 Appellant challenges the PCRA order, which granted part of his petition and denied part of his petition. The PCRA court, as noted, granted appellant's petition with regard to a credit for the period of time from April 17, 2003, to May 12, 2003, but denied appellant's petition with regard to a credit for the period of time from February 26, 2002, to April 2, 2002. Our review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996).

¶ 5 Appellant claims that the PCRA court "erred in dismissing [his] PCRA petition without a hearing based on [appellant's] claim that he was entitled to credit time on his sentence for his probation violation." Appellant's Brief, at 3. Specifically, appellant claims that 42 Pa.C.S.A. § 9760; our holding on *Commonwealth v. Williams*, 443 Pa.Super. 479, 662 A.2d 658 (1995); and the double jeopardy clause of the Fifth Amendment of the United States Constitution (prohibiting multiple punishments for the same offense) require appellant to be credited for the time he spent serving his DUI sentence prior to his parole and probation revocation. Appellant's Brief, at 6. Additionally, appellant claims that the sentencing court should have stated on the record that the new sentence was to be separate from the original sentence if the court so intended. *Id.* at 7.

¶ 6 Both appellee and the PCRA court rely on our holding in *Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super.2001), for their contention that appellant is not enti-

tled to credit for time served on his original sentence. Given these provisions and holdings, we are constrained to agree with appellant.

¶ 7 Under 42 Pa.C.S.A. § 9760, the sentencing court is to give credit "against the maximum term and any minimum term ... for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S.A. § 9760(1). We have interpreted this provision in both *Williams* and *Bowser*.

¶ 8 In *Williams*, we held that when on one bill of information there has been a sentence of incarceration followed by probation, and after release the defendant violates his or her probation, the maximum sentence for the probation violation when added to the original incarceration cannot exceed the statutory maximum sentence for the underlying crime. In *Williams*, there was only one charge of attempted theft by unlawful taking, for which a sentence of 11½ to 23 months' incarceration to be followed by 3 years' probation was imposed. After Williams violated his probation, he was sentenced to 3½ to 7 years' incarceration, the statutory maximum. That resulted in a total time of incarceration of 4 years, 5½ months to 8 years, 11 months. The total sentence was in excess of the statutory maximum making it an illegal sentence. *See Williams*.

¶ 9 Later, however, in *Bowser*, we distinguished *Williams* and held that when the total sentence for the probation violation, added to the initial sentence, is less than

day number, though the sentencing court did not include the proper periods of time to meet that figure. Additionally, though the sentencing court stated at the sentencing hearing that appellant was entitled to credit for the time served on the prior portion of his sentence, it

appears that the sentencing court did not include a credit for that February 26, 2002, to April 2, 2002, period in its calculations. The PCRA court, in its order, credited appellant the former period of time but not the latter.

the statutory maximum, there is no requirement to give any credit for any of the time served on the original sentence. In *Bowser*, the defendant's original sentence for receiving stolen property was 6 to 23 months, but he was paroled after serving 11 months and 19 days. His sentence for violating the consecutive probation imposed on the same bill was one to three years. Bowser was denied any credit for the time he spent in jail on the original sentence because, added together, the total sentence was still under the 2½– to 5–year statutory maximum.

¶ 10 The dissent in *Bowser* argued that this Court's decision in *Williams* requires credit for time served under § 9760 to be included during re-sentencing in order to avoid double jeopardy concerns, especially when a sentence would otherwise be rendered illegal. The dissent further noted that if the trial judge intended for the new sentence to be inclusive of the original sentence, such a position should be notated on the record at the time of re-sentencing and the new sentence should be adjusted and furnished accordingly. *See Bowser.*

¶ 11 Applying these rules to the instant case, the maximum aggregate time for the probation violation, when added to the original sentence, does not exceed 2½ to 5 years. Here, the original sentence was 90 days to 18 months, and the sentence for the probation violation was 1 to 2 years, making the total aggregate sentence 1 year, 3 months to 3½ years. Since this total is less than the 2½– to 5–year statutory maximum, the PCRA court was within its right not to grant any credit for the time served on the original sentence.

¶ 12 The question, however, is what the sentencing court actually intended to do in this case. The practical applications of *Williams* and *Bowser* are not necessarily clear in the best of circumstances. And, neither *Williams* nor *Bowser* is entirely on point in the instant matter. Though *Williams* seems to espouse the view that § 9760 requires credit for time served to be given in circumstances such as this, and even more so when not crediting the time would render a sentence illegal, no concerns of an illegal sentence are implicated here, where appellant's original sentence and new sentence, combined, fall below the statutory maximum. At the same time, although *Bowser* embraces the position that § 9760 does not require a double credit for time served to be given in matters such as this, particularly when the original and new sentences combined are below the statutory maximum, unlike the situation in *Bowser*, no clear double counting of time served is involved in the instant matter.

¶ 13 Here, it seems that the sentencing judge attempted, in accordance with the spirit of *Williams* as further articulated in the *Bowser* dissent, to delineate in the sentence the portions of time served for which appellant would be credited. Later relying on *Bowser*, however, the lower court stated that no credit for the February 26, 2002, to April 2, 2002, portion was due. The record in this matter does not demonstrate a clear intention by the sentencing court. On one hand, the sentencing court stated, "I believe ... I have to give him credit, even time served on the prior portion of the sentence." N.T., 6/24/03, at 4. In so stating, the lower court eventually granted credit for the 26–day period from April 17, 2003, to May 12, 2003, but not for the similar 36–day period from February 26, 2002, to April 2, 2002. On the other hand, in referring to the 36–day period, the court cited *Bowser* for the proposition that there was no requirement to give "double credit" for that time.

¶ 14 While we have demonstrated that it is possible for a sentencing court to "split time" in this manner, given the conflicting

rationales used by the lower court for giving and denying credit for time served, it is not clear that the court realized that it had this power and was intentionally exercising that discretion, or if the court was simply caught in the admittedly confusing practical applications of *Bowser* and *Williams*. Therefore, we vacate the sentence and remand this matter for re-sentencing. If the sentencing court intended to provide full credit for time served, the sentencing court may issue a revised sentence reflecting credit for all prior time served. If the sentencing court intended to give split credit for time served, it may reissue the sentence previously imposed. In the future, in order to prevent confusion such as happened in this matter, the trial court, when re-sentencing after revocation of parole or probation, should state on the record whether or not the new sentence is inclusive of the original sentence and formulate and furnish the new sentence accordingly.

¶ 15 Order REVERSED, sentence VACATED. This matter is REMANDED for re-sentencing consistent with this opinion. Jurisdiction relinquished.