J-S01002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT A. CROSBY, | : | |
| | : | |
| Appellant | : | No. 1369 WDA 2013 |

Appeal from the Order entered on May 17, 2013
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0000455-2004;
CP-02-CR-0015068-2003; CP-02-CR-0015816-2003

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 15, 2015**

Robert A. Crosby ("Crosby") appeals from the Order denying his "Motion for Credit Time Spent in Custody."[1]  Additionally, Crosby's counsel, Ryan H. James, Esq. ("James"), has filed a separate Application to Withdraw as Counsel.  We deny the Application to Withdraw, reverse the Order, and remand for further proceedings.

On July 12, 2004, Crosby pled guilty to charges at three separate Criminal Informations.  At CC 200315068, Crosby pled guilty to two counts of open lewdness, *see* 18 Pa.C.S.A. § 5901.  At CC 200315816, Crosby pled guilty to one count of false identification to law enforcement, *see id*. § 4914(a).  At CC 200400455, Crosby pled guilty to one count of required to

---

[1] Crosby's Motion was treated as a Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.

register when released, *see* 42 Pa.C.S.A. § 9795.2(a)(1). On February 1, 2005, the trial court sentenced Crosby to two years of intermediate punishment, plus a consecutive five-year period of probation at CC 200400455; a one-year period of probation at CC 200315068, consecutive to the CC 200400455 sentence; and a one-year period of probation at CC 200315816, consecutive to the sentence at CC 200315068.

On November 14, 2005, Crosby filed an Application for Parole at CC 200400455 due to the fact that he had served sixteen months of his two-year intermediate punishment sentence in county jail. The trial court granted the Petition and paroled Crosby. Multiple bench warrants were issued against Crosby in 2006. While docket numbers CC 200315068, CC 200400455, and CC 200315816 were separately identified on the different warrants, the warrants originated from a violation of the intermediate punishment sentence. As a result of the warrants, Crosby served a prison sentence of six months and six days, effective October 31, 2006.[2] Crosby was placed on probation following the end of this prison term.

On May 27, 2009, following a probation violation hearing, the trial court revoked Crosby's probation at CC 200400455 and sentenced him to

---

[2] We note that this Sentencing Order was not included in the certified record. However, the Commonwealth has attached the Sentencing Order to its appellate brief as Exhibit C. While this Court does not typically consider documents that are not contained within the certified record, *see* ***Commonwealth v. Preston***, 904 A.2d 1, 7-8 (Pa. Super. 2006), we will consider this Order on appeal as the parties agree that Crosby was in prison from a period starting on October 31, 2006, and the Commonwealth has certified to the authenticity of the Order.

three and one-half to seven years in prison.[3] The trial court stated that the effective date of the sentence was July 30, 2008, the date of Crosby's arrest on the violation. On June 4, 2009, Crosby filed a timely Motion for Modification of Sentence. The trial court did not take any action on this Motion, and it was ostensibly denied by operation of law. Crosby did not file a direct appeal.

Thereafter, between September 10, 2009, and April 16, 2012, Crosby filed six Petitions seeking credit for time spent in custody. The trial court did not act on any of these Petitions. As a result, Crosby filed a Petition for Writ of Mandamus and/or Extraordinary Relief with this Court. On May 1, 2012, this Court denied the Petition.

Crosby then filed with the trial court a Motion for Modification of Sentence, an Application for Notes of Testimony and a Petition for Writ of *Habeas Corpus*. The trial court did not take any action on these filings. On July 9, 2012, Crosby filed a Motion for Credit Time Spent in Custody. The

---

[3] We note that the May 27, 2009 Sentencing Order was not included in the certified record. Again, the Commonwealth attached a copy of the Order to its appellate brief as Exhibit D. As the parties do not dispute the sentence imposed and the Commonwealth has certified to the authenticity of the Order, we will consider this Order on appeal. Further, we observe that the PCRA court incorrectly states that Crosby was sentenced to three and one-half to five years in prison on May 27, 2009. *See* PCRA Court Opinion, 12/3/13, at 4. However, in its Pa.R.Crim.P. 907 Notice, the PCRA court stated that Crosby was sentenced to three and one-half to seven years in prison on May 27, 2009. Pa.R.Crim.P. 907 Notice, 2/19/13, at 2. Moreover, the Order and both parties agree that Crosby was sentenced to a maximum term of seven years in prison.

PCRA court treated this Motion as a PCRA Petition[4] and appointed Crosby counsel. Crosby's PCRA counsel filed a Motion to Withdraw as Counsel and a *Turner*/*Finley*[5] no-merit letter. The PCRA court filed a Pa.R.Crim.P. 907 Notice and allowed PCRA counsel to withdraw. Crosby filed a *pro se* Response. On May 17, 2013, the PCRA court denied the Petition.

Crosby, *pro se*, filed a timely Notice of Appeal. On March 19, 2014, this Court entered an Order remanding the matter to the PCRA court so that Crosby could be provided all relevant materials necessary to pursue the appeal. Thereafter, the PCRA court appointed James as counsel.

Initially, we must address James's Application to Withdraw as Counsel. Where counsel seeks to withdraw on collateral appeal, the procedure outlined in *Turner*/*Finley* must be followed. In *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), our Supreme Court explained the withdrawal process as follows:

---

[4] The PCRA court stated that it was unaware of Crosby's various filings made prior to the July 9, 2012 Motion, because he did not serve the filings on the PCRA court. *See* PCRA Court Opinion, 12/3/13, at 2 n.1. However, the various filings appear in the docket. Crosby's Petition for Credit Time Spent in Custody, filed on September 10, 2009, should have been treated as his first PCRA Petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (stating that the PCRA provides the sole means for obtaining collateral relief and that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation omitted). Because none of Crosby's filings from September 2009 until July 2012 were acted on by the PCRA court, we deem the instant Petition to be timely filed.

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 4 -

> 1) A "no-merit" letter by [] counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by [] counsel listing each issue the petitioner wished to have reviewed;
>
> 3) [] [C]ounsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were [without merit];
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was [without merit].

*Id.* (citation and brackets omitted).

Further, we have held that the Supreme Court in **Pitts** did not overrule the additional requirement imposed by this Court in **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006), stating that

> counsel seeking to withdraw [must] contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

**Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, James filed a **Turner/Finley** "no-merit" brief and an Application to Withdraw. James described the extent of his review, identified the issue that Crosby sought to raise, and explained why that issue lacks merit. In addition, James provided Crosby with notice of his intention to seek permission to withdraw from representation, a copy of the "no-merit" brief, and advised Crosby of his rights in lieu of representation. Thus, we conclude

that James has substantially complied with the requirements necessary to withdraw as counsel. We now independently review Crosby's claim to ascertain whether it is without merit.

On appeal, Crosby contends that under 42 Pa.C.S.A. § 9760, **Credit for Time Served**, he should have received credit for time served toward his sentence. **Turner**/**Finley** Brief at 6-7. Crosby argues that he was in prison after the entry of his plea on July 12, 2004, and until his sentencing on February 1, 2005. **Id**. at 7. Crosby asserts that he should have been credited with this time with regard to the prison sentence imposed following the revocation of his probation in May 2009. **Id**. Crosby further claims that he is due credit for time he spent in custody between October 30, 2006, and December 22, 2007.[6] **Id**. Crosby argues that he was placed in county jail during this time for a probation violation warrant. **Id**.

The Commonwealth contends that additional proceedings are necessary to resolve Crosby's claims. Brief for the Commonwealth at 14, 18-19. The Commonwealth points out that after the revocation of Crosby's probation at CC 200400455 on May 27, 2009, Crosby received a maximum sentence for a third-degree felony: seven years in prison.[7] **Id**. at 18; **see**

---

[6] Crosby states that following his release from prison in April 2007, he was placed in Cromisa's Dual Diagnosis Program, an alcoholism rehabilitation program, until December 22, 2007. Crosby seeks credit for time served for his placement in the program.

[7] **See** 18 Pa.C.S.A. § 1103(3) (stating that for a felony of the third degree, the maximum prison term is seven years).

- 6 -

*also id*. at 16 (wherein the Commonwealth states that pursuant to the original February 1, 2005 sentencing Order at CC 200400455, Crosby was sentenced to maximum sentence for a third-degree felony (two years of intermediate punishment plus five years of probation)). The Commonwealth argues that if credit for time served is not awarded, Crosby could serve a total sentence greater than the statutory maximum. *Id*. at 15. The Commonwealth asserts that Crosby was in prison from July 25, 2004, until November 14, 2005, when the Application for Parole was granted, rather than on intermediate punishment, and may be entitled to credit for time served against his seven-year maximum for that period of time, if it has not been credited. *Id*. at 16-17. The Commonwealth further claims that there was a sentencing Order, dated April 25, 2007, stating that the trial court sentenced Crosby to a prison term of time served of six months and six days from October 31, 2006. *Id*. at 17-18 The Commonwealth argues that to "prevent [Crosby] from serving the total sentence in excess of the statutory maximum of seven years, he would be entitled to credit for this time period, if such credit has not been awarded." *Id*. at 18. The Commonwealth requests that this Court remand the matter for a hearing in a timely manner because, according to a Sentence Status Summary Sheet from SCI-Coal Valley, Crosby's current sentence is due to expire on July 30, 2015. *Id*. at 18-19.

It is well-settled that an attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and may be addressed in a timely filed PCRA Petition. ***Commonwealth v. Davis***, 852 A.2d 392, 399-400 (Pa. Super. 2004); ***see also Taylor***, 65 A.3d at 466-67.

> When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum. ***See*** 42 Pa.C.S. § 9754; 42 Pa.C.S. § 9756[.] Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years probation. However, in a situation where probation is revoked on a split sentence, … a defendant is not entitled to credit for time spent on probation. 42 Pa.C.S. § 9771(b); ***see also*** 42 Pa.C.S. § 9760 (credit for time served). Nor is a defendant automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum.

***Commonwealth v. Crump***, 995 A.2d 1280, 1283-84 (Pa. Super. 2010) (some citations omitted); ***see also Commonwealth v. Williams***, 662 A.2d 658, 659 (Pa. Super. 1995) (concluding that a defendant who was sentenced to the maximum prison term after revocation of his probation was entitled to credit for time served toward his original period of incarceration, as the failure to award credit for the original time spent in prison would result in the defendant serving more time than the lawful maximum).

Upon our review of the record, we agree with the Commonwealth as to the need for a hearing to determine whether Crosby is due credit for time served in light of the imposition of a maximum sentence following Crosby's probation violation. On May 27, 2009, the trial court revoked Crosby's

probation at CC 200400455 and sentenced him to three and one-half to seven years in prison, which equaled the maximum sentence for the offense of failure to register, graded as a felony of the third degree. ***See*** Order, 5/27/09. As the trial court imposed the maximum sentence, Crosby is entitled to credit for time served for any time he spent in prison as part of his sentence at CC 200400455 that has not already been credited. ***See Williams***, 662 A.2d at 659; ***see also Commonwealth v. Yakell***, 876 A.2d 1040, 1042 (Pa. Super. 2005) (stating that "the maximum sentence for the probation violation when added to the original incarceration cannot exceed the statutory maximum sentence for the underlying crime.").

Here, Crosby was in prison at the time of sentencing, despite not being sentenced to prison at any of the cases, and remained in prison until November 14, 2005, when the trial court granted Crosby's Application for Parole at CC 200400455. Order, 11/14/05.[8] While it is unclear how much time, if any, Crosby spent in prison for his sentence at CC 200400455, it appears he is entitled to credit for time served for some period of time prior to his release from prison on November 14, 2005, if he was in prison on the

---

[8] Contrary to James's claim in the ***Turner***/***Finley*** brief, Crosby remained in prison until November 14, 2005, not until sentencing on February 1, 2005.

charges at CC 200400455.[9]   Moreover, following the issuance of bench warrants, the trial court sentenced Crosby to six months and six days in county jail at CC 200400455 in October 2006.  It is unclear from the record whether Crosby received any time credit for this prison term.  Based upon the foregoing, we agree with the Commonwealth and conclude that a hearing is required for further consideration of whether Crosby is entitled to credit for time served in light of the maximum sentence imposed by the trial court.  ***See Williams***, 662 A.2d at 659; ***see also Yakell***, 876 A.2d at 1043-44.[10]

---

[9] We note that there are discrepancies as to when Crosby began his time in prison.  Crosby contends that his time in prison began on July 12, 2004, while the Commonwealth argues that the prison term began on July 25, 2006.  A review of the docket reveals that his arrest warrant was cleared on July 26, 2006, when he was placed in prison.  Moreover, the PCRA court states that Crosby was in prison prior to the entry of the guilty pleas, based upon his failure to post bail for the cases at CC 200315068 and CC 200315816; thus, any time Crosby spent in prison prior to the entry of the pleas could not be credited to his prison term at CC 200400455.  ***See*** PCRA Court Opinion, 12/3/13, at 3-4.  On remand, the court should determine the start date of Crosby's prison term that ended on November 14, 2005.

[10] On remand, the court must determine whether Crosby is entitled to credit for time served on the CC 200400455 sentence for any other prison sentences or at any other docket numbers.  The PCRA court noted that Crosby was incarcerated several times between 2005 and 2009 for violating his probation, but that these violations were attributable to CC 200315816 and CC 200315068.  ***See*** PCRA Court Opinion, 12/3/13, at 4.  The sentences at CC 200315816 and CC 200315068, which were imposed consecutive to the CC 200400455 sentence, have not started to run.  ***See Turner***/***Finley*** Brief at 4 n.2.  There is no indication in the record that the probation terms at CC 200315816 and CC 200315068 were revoked or that the trial court imposed new sentences based upon the purported violations.  Furthermore, contrary to Crosby's claims, he is not entitled to credit for time spent on probation or in a rehabilitation program.  ***See Crump***, 995 A.2d at 1284.

Accordingly, we deny James's Application to Withdraw, reverse the denial of the PCRA Order, and remand for further proceedings.

Application to Withdraw denied.  Order reversed.  Case remanded for further proceedings consistent with this Memorandum.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015