J-S11040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| QAADIR BOLLING, | : | |
| | : | |
| Appellant | : | No. 1188 EDA 2015 |

Appeal from the Judgment of Sentence March 27, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0012454-2013

BEFORE:  FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 29, 2016**

Qaadir Bolling ("Bolling") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

In July 2014, Bolling pled guilty to firearms not to be carried without a license, 18 Pa.C.S.A. § 6106.  The trial court sentenced Bolling to serve five to ten months in jail, with 10 months' credit for time served, followed by 66 months of probation.[1]

Less than a week after Bolling was released on probation, he was arrested for misdemeanor theft from a motor vehicle,[2] and released on his own recognizance.  As a result of this arrest, the probation revocation court (hereinafter "VOP court") in the instant case scheduled a probation revocation hearing for December 8, 2014 (hereinafter "the VOP hearing").

---

[1]  Bolling's sentence was below the mitigated range of the applicable sentencing guidelines.

[2] The misdemeanor charge was later withdrawn.  **See** N.T, 3/27/15, at 6.

At the VOP hearing, Bolling failed to appear, and the court proceeded *in absentia*, with Bolling's defense counsel present. The VOP court revoked Bolling's probation, and ordered the preparation of a pre-sentence investigation report ("PSI"). Defense counsel then informed the VOP court that he was unsure of whether Bolling was served with notice of the VOP hearing. The VOP court responded by stating that any issue of notice could be addressed with the preparation of a PSI. Shortly after the VOP hearing, Bolling was taken into custody on a bench warrant.

On March 27, 2015, the VOP court held a sentencing hearing ("the sentencing hearing"), wherein Bolling was present. At this hearing, Bolling's defense counsel conceded that, concerning Bolling's underlying sentence, Bolling had reported to his probation officer only once, which was insufficient. N.T., 3/27/15, at 5. The prosecutor responded that after Bolling was released on bail concerning the misdemeanor theft case, Bolling's probation officer had attempted to take Bolling into custody on a detainer concerning the probation violation, but Bolling had absconded. ***Id.*** at 6-7. At the close of the sentencing hearing, the VOP court sentenced Bolling to 24 to 66 months in prison. This sentence was below the statutory maximum.

Bolling subsequently filed a Motion for reconsideration of sentence, *nunc pro tunc*, which the VOP court denied by an Order dated April 13, 2015 (hereinafter "Order Denying Reconsideration"). Bolling thereafter timely

filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

Bolling now presents the following issues for our review:

1. Did not the [VOP] court err by holding the [VOP] hearing and finding [Bolling] in violation[,] *in absentia*[,] without good cause, without even a summary from the probation department, and without ascertaining whether he had notice to appear in court?

2. Did not the [VOP] court violate the tenets of the Sentencing Code, which mandate individualized sentencing, and impose an excessive sentence of twenty-four to sixty-six months [of] total confinement for the technical violation of probation, [for] failing to report?

3. Did not the [VOP] court err by denying [Bolling] credit for the time he originally spent in custody?

Brief for Appellant at 3.

Bolling first argues that the VOP court erred and deprived him of due process by holding the VOP hearing *in absentia*, and without (1) any employee of the probation department being present; or (2) determining whether Bolling had notice of the VOP hearing. ***See id.*** at 9-10.

The VOP court addressed Bolling's claim in its Rule 1925(a) Opinion, and found the claim to be waived, stating as follows:

This claim is waived. It was not raised in [Bolling's] *nunc pro tunc* post-sentence [M]otion and was never properly raised before th[e VOP] court. In regard to [Bolling's] failure to appear for the VOP hearing, defense counsel simply stated that he didn't know whether [Bolling] was properly served for the hearing. (N.T. 12/8/14, p. 3). Th[e VOP] court stated that it would address that issue at the next hearing when it had a presentence report and when probation could appear[.] ([***I***]***d.*** at 3-4). [Defense c]ounsel did not re-raise this issue at the next hearing[,] where [Bolling] was present. [Bolling] was present

- 3 -

because he was arrested and detained on bench warrants for this VOP case and his open misdemeanor case. It was clear that, on the date of the VOP hearing, [Bolling] was intentionally in absconder status; he was not reporting to Probation, his whereabouts were unknown, and he had failed to appear for his Municipal Court case. Also, at that time, it was unknown when [Bolling] would be detained by authorities. Therefore, any claim that the [VOP] court erred by holding the VOP hearing in [Bolling's] absence is waived, and he may not complain about that hearing on appeal. *See Commonwealth v. Bond*, 693 A.2d 220, 223-224 ([Pa. Super.] 1997) ([stating that an] appellant may, "by his actions … waive[] the right to challenge the proceedings and his sentence on the basis that it was imposed in his absence[,]" and it is his burden to show that his absence was with cause).

VOP Court Opinion, 7/15/15, at 3-4. We agree with the VOP court's foregoing rationale, which is supported by the record and the law, and conclude that Bolling has waived his first issue. *See id.*; *see also* Pa.R.A.P. 302(a).

Bolling next argues that the VOP court abused its discretion by imposing an excessive sentence and failing to (1) state adequate reasons for the sentence of total confinement; and (2) consider Bolling's rehabilitative needs and individualized circumstances. *See* Brief for Appellant at 7-8 (Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal); *see also id.* at 12 (argument section).

Bolling challenges the discretionary aspects of his sentence, a claim that does not entitle him to review as of right. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, prior to reaching the merits of a discretionary sentencing issue,

- 4 -

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, Bolling filed a timely Notice of Appeal, preserved the challenge to his sentence in his Motion for reconsideration of sentence, *nunc pro tunc*, and included a Pa.R.A.P 2119(f) statement in his brief. Moreover, Bolling's above-mentioned challenge to his sentence presents a substantial question. ***See Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009) (observing that "[t]he failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question. Likewise, an averment that the court … failed to consider all relevant factors raises a substantial question.") (citations omitted); ***see also Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that a substantial question is presented when a probation revocation sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation).

The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which, absent an abuse of that discretion, will not be disturbed on appeal. ***Sierra***, 752 A.2d at 913. Upon review, we determine the validity of the probation

- 5 -

revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *See* 42 Pa.C.S.A. § 9771(b); *see also Commonwealth v. Gheen*, 688 A.2d 1206, 1207-08 (Pa. Super. 1997). When imposing a sentence of total confinement after a probation revocation, the sentencing court must consider the factors set forth in sections 9771(c) and 9721(b) of the Sentencing Code. *See* 42 Pa.C.S.A. §§ 9771(c) and 9721(b) (providing that when determining an appropriate sentence, the court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant). Following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Where, as here, a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). Moreover "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly

considering and weighing all relevant factors." ***Ventura***, 975 A.2d at 1135 (citation omitted).

Our review of the record shows that the VOP court (1) stated adequate reasons for the sentence imposed (which we conclude is not excessive and was well below the maximum sentence the court could have imposed); and (2) considered Bolling's individualized circumstances and rehabilitative needs. ***See*** N.T., 3/27/15 at 5 (wherein the court considered defense counsel's argument concerning Bolling's circumstances and efforts toward rehabilitation); ***id.*** at 9-10 (Bolling's allocution concerning his circumstances); ***id.*** at 10 (containing the court's reasons for the sentence imposed); ***see also*** VOP Court Opinion, 7/15/15, at 5-9 (thoroughly addressing the merits of Bolling's challenge to his sentence, and emphasizing that he had originally been given a very lenient sentence, and, very shortly after his release on probation, was arrested and absconded); Order Denying Reconsideration, 4/13/15, at 1-2 (unnumbered) (stating that "the [VOP] court did consider [Bolling's] potential for rehabilitation in imposing the minimum sentence necessary to effectuate the goals of 42 Pa.C.S. [§] 9771."). Moreover, because the VOP court had reviewed Bolling's PSI, it is presumed that the court adequately considered his

rehabilitative needs and particular circumstances.[3]  **See Ventura, supra**. Accordingly, we conclude that the VOP court acted within its discretion in sentencing Bolling to a sentence of total confinement of 24 to 66 months in prison.

Finally, Bolling contends that the VOP court erred by failing to give him credit, toward his instant prison sentence for his probation violation, for the approximately ten months in jail that he had served on his underlying conviction (hereinafter "Bolling's time served") prior to being released on probation.  **See** Brief for Appellant at 12-14.

In **McCray v. Dept. of Corr.**, 872 A.2d 1127 (Pa. 2005), the Pennsylvania Supreme Court held that if a sentencing court fails to properly apply credit for time served, then the remedy is to object before the sentencing court and preserve the issue for appeal to this Court.  **Id.** at 1132.  Here, Bolling has waived this issue, since he never raised it before the VOP court either at the sentencing hearing or in his Motion for reconsideration of sentence, *nunc pro tunc*.  **See id.**; **see also** Pa.R.A.P. 302(a).

Nevertheless, Bolling is not entitled to relief on the merits of his claim, since he had already received credit for Bolling's time served toward his

---

[3] We observe, however, that the VOP court noted at the beginning of the sentencing hearing that the PSI was "shorter than usual."  N.T., 3/27/15, at 4.  Though the PSI is not contained in the certified record, the VOP court's Opinion summarized the relevant information contained in the PSI.  **See** VOP Court Opinion, 7/15/15, at 5 n.1.  We additionally observe that the VOP court judge knew Bolling from the trial and the prior sentencing hearing.

original sentence, **see** N.T., 3/27/15, at 12,[4] and he is not entitled to double credit concerning his probation revocation sentence. **See Commonwealth v. Yakell**, 876 A.2d 1040, 1042-43 (Pa. Super. 2005) (stating that "when the total sentence for the probation violation, added to the initial sentence, is less than the statutory maximum, there is no requirement to give any credit for any of the time served on the original sentence.") (citing **Commonwealth v. Bowser**, 783 A.2d 348, 350 (Pa. Super. 2001) (holding that a defendant is not entitled to "duplicate credit" for time served on an underlying sentence following revocation of probation, if the new sentence of incarceration does not reach the statutory maximum)). Moreover, our review discloses that the cases Bolling relies upon, **see** Brief for Appellant at 13, are distinguishable and unavailing.

In light of the foregoing, we conclude that the VOP court did not commit an error of law or abuse its discretion in any regard, and therefore affirm Bolling's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

---

[4] The VOP court, in imposing the instant sentence, gave Bolling credit for the time he spent in custody since December 15, 2014, when he was taken into custody after his failure to report to probation. **See** N.T., 3/27/15, at 12.