J-S32034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN J. STRAILE | |
| Appellant | No. 3197 EDA 2016 |

Appeal from the PCRA Order September 30, 2016
in the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000437-2015
CP-48-CR-0000902-2015

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 23, 2017**

Appellant, John J. Straile, appeals from the order entered in the Northampton County Court of Common Pleas dismissing his Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends that the PCRA court erred when it declined to grant him credit for time served. We affirm.

On April 16, 2015, Appellant pleaded guilty in CR-437-2015 to one count of resisting arrest.[2] On May 28, 2015, Appellant pleaded guilty in CR-902-2015 to one count of burglary,[3] graded as a second-degree felony. That same day, the trial court sentenced Appellant in CR-437-2015 to a term of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 5104.

[3] 18 Pa.C.S. § 3502(a)(4).

ninety days to nine months' imprisonment and in CR-902-2015 to a consecutive sixty months' intermediate punishment ("IP") in the Treatment Continuum Alternative Program ("TCAP"), of which ninety days was to be served in restrictive IP. Appellant was credited with 139 days served for time in custody before sentencing, from January 10, 2015, to May 28, 2015.

The docket in CR-437-2015 indicates that Appellant was paroled effective July 9, 2015, after serving an additional 41 days, or a total of 180 days in custody. Appellant was paroled to The Keenan House ("Keenan House"), an inpatient treatment facility, to participate in the TCAP program.

On January 15, 2016, a county probation officer petitioned for review of Appellant's IP sentence in both CR-437-2015 and CR-902-2015, alleging that Appellant violated technical conditions of his sentence by failing to (1) remain drug and alcohol free, (2) maintain a valid address, (3) comply with the TCAP program, and (4) make regular payments on his court costs and fines.[4] On January 29, 2016, following a *Gagnon II*[5] hearing, the trial court entered a notation "case closed" in CR-437-2015. The court revoked Appellant's TCAP sentence in CR-902-2015 and resentenced him to eighteen to thirty-six months' imprisonment. The court credited Appellant with time

---

[4] The petition for review of Appellant's IP sentence was dated January 15, 2016, but was not filed in the trial court until January 20, 2016.

[5] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)

served from his rearrest on January 19, 2016, until his resentencing on January 29, 2016.

On June 24, 2016, Appellant filed a timely *pro se* PCRA petition seeking credit for the time he previously served from January 10, 2015 through July 9, 2015, and for time he spent at Keenan House from July 9, 2015 until October 5, 2015. Counsel was appointed. After conducting a hearing regarding Appellant's PCRA petition on September 9, 2016, the PCRA court denied the petition on September 30, 2016.

Appellant timely appealed and submitted a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a), suggesting that Appellant was not entitled to the credit he was seeking because he had already received such credit in regards to his original sentences. PCRA Ct. Op., 9/30/16, at 2-3.

Appellant presents a single question for our review:

> Whether Appellant's resentencing, following a *Gagnon II* hearing on January 29, 2016 of 18 to 24 months, should include credit for time served in custody from January 10, 2015 to July 9, 2015 as required by title 42 Pa.C.S. § 9760?

Appellant's Brief at 3.

Appellant argues that the trial court erred by failing to grant him credit for the 180 days he spent in prison. Although he does not reference it in his question presented on appeal, Appellant also argues that the trial court

- 3 -

erred by declining to grant him credit for the time he spent in Keenan House inpatient treatment facility. Appellant specifically avers that the trial court's denial of his request for credit for time served violates 42 Pa.C.S. § 9760. No relief is due.

Appellant's challenge to the trial court's decision not to award him credit for time he previously served in prison based upon his original sentence is a question of law because it implicates the legality of his sentence. *See Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is *de novo*, and our scope of review is plenary. *Id.* (citation omitted).

Section 9773 of the Pennsylvania Judicial Code states that "Consideration shall be given to the time served in the county intermediate punishment program." 42 Pa.C.S. § 9773(b). Moreover, Section 9760 governs credit for time served and provides in pertinent part:

> After reviewing the information . . . the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

As a prefatory matter, we note that the revocation of an IP sentence is equivalent to the revocation of probation. *Commonwealth v. Melius*, 100 A.3d 682, 685 (Pa. Super. 2014). This Court has held it is essential that

> the [trial] court maintain the ability to incarcerate persons for whom intermediate punishment is no longer a viable means of rehabilitation. Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing . . . . [A] re[-]sentence may not exceed the statutory limits of the sentence, including allowable deductions for time served.

*Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted). Moreover, it is well-settled that if a sentence for a probation violation, when added to the initial sentence, is less than the statutory maximum, the trial court is not required to grant any credit for time served on the original sentence. *See Commonwealth v. Yakell*, 876 A.2d 1040, 1042-43 (Pa. Super. 2005).

This Court has concluded that duplicate credit need not be given, in the case of a probation revocation sentence, for time previously credited toward the original sentence. *See Commonwealth v. Bowser*, 783 A.2d 348, 350 (Pa. Super. 2001) (holding that where an appellant had been granted credit for time spent incarcerated and was then subsequently paroled on his original sentence and violated the conditions of his parole, duplicate credit for the prison time was not appropriate in the calculation of his revocation sentence). Further, credit should not be given for time served

based on a "separate and distinct offense." *See Commonwealth v. Richard*, 150 A.3d 504, 521 (Pa. Super. 2016) (citations omitted).

Instantly, the TCAP representative stated at sentencing that a defendant must serve 180 days in prison before going into treatment. N.T., 5/28/15, at 8. The court divided the required 180 days into ninety days in CR-437-2015 and ninety days restrictive IP as part of the sixty-month IP sentence in CR-902-2015. With presentencing credit and time served after sentencing, Appellant was incarcerated 180 days before being paroled in CR-437-2015 and being released to TCAP. Following the revocation hearing, the trial court closed the case in CR-437-2015, revoked the sixty-month IP sentence in CR-902-2015, and resentenced Appellant to eighteen to thirty-six months' imprisonment in CR-902-2015. Because the underlying offense in CR-902-2015 was felony-two burglary, the sum of the initial IP sentence and the revocation sentence in CR-902-2015 is less than the ten-year maximum sentence for that offense. *See* 18 Pa.C.S. § 1103(2).

Appellant thus fails to recognize that he already received credit for such time in prison in two separate ways. First, the initial ninety days he spent incarcerated were credited to an entirely different case, CR-437-2015. Therefore, the court properly denied Appellant credit for time served in connection with that separate offense. *See Richard*, 150 A.3d at 521. The subsequent ninety days Appellant served were credited to his original sentence in CR-902-2015. Hence, the PCRA court was well within its

purview in concluding that duplicate credit for such time in custody was not appropriate. *See Bowser*, 783 A.2d at 350.

Appellant also makes the bald assertion, without any supporting citation to legal authority, that the trial court erred by failing to award him credit for the time he spent at Keenan House. However, our review reveals that Appellant did not raise this issue in his question presented on appeal or in his Rule 1925(b) statement. Therefore, we may deem such issue waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. McBride*, 957 A.2d 752, 755 (Pa. Super. 2008) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived." (citation and quotation marks omitted)). Furthermore, we could also find this argument waived due to Appellant's failure to develop any factual argument regarding any restrictive conditions he faced at Keenan House or any legal authority in support thereof. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (holding claim is waived where appellate brief fails to provide any discussion with citation to relevant legal authority).

Notwithstanding the above cited grounds, we decline to hold that Appellant's challenge to the legality of his sentence is waived. However, we conclude that the PCRA court was well within its purview when determining that Appellant would not receive credit for his time in the rehabilitation facility. *See Fowler*, 930 A.2d at 596 ("[I]t is within the trial court's

discretion whether to credit time spent in an institutionalized rehabilitation and treatment program as time served 'in custody.'" (citations omitted)).

Moreover, we recognize that the PCRA court's denial of credit for both his time served incarcerated and the time he spent at the Keenan House was also proper because Appellant's original sentence for his burglary conviction and his revocation sentence, added together, did not exceed the ten year statutory maximum sentence he could have received for the felony-two burglary. *See Yakell*, 876 A.2d at 1042-43. Therefore, we conclude that the PCRA court properly declined to grant Appellant credit for his time served in prison from January 10, 2015 through July 9, 2015, and for his time he spent at the Keenan House from July 9, 2015 through October 5, 2015. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017