J. S36040/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KELVIN J. EDWARDS, | : | No. 2398 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered June 28, 2016,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0002270-2013

BEFORE: PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 07, 2017**

Kelvin J. Edwards appeals ***pro se*** from the June 28, 2016 order denying his "motion to amend jail credits," which we treat as a petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] After careful review, we vacate the trial court's June 28, 2016 order and remand for the appointment of counsel and further proceedings pursuant to the PCRA.

---

[1] ***See Commonwealth v. Clark***, 885 A.2d 1030, 1032 (Pa.Super. 2005) (stating, "[a] challenge to a trial court's failure to award credit for time-served in custody implicates the legality, not the discretionary, aspects of sentencing and is, therefore, appealable as of right."); ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa.Super. 2000) (noting this court's approval of the trial court's determination that an appellant's "motion to correct illegal sentence" must be treated as a PCRA petition); 42 Pa.C.S.A. 9543(a)(2)(vii).

The trial court summarized the relevant facts and procedural history of this case as follows:

> On January 6, 2014, in the matter indexed at 2270-13, [appellant] pled guilty to Theft By Unlawful Taking[Footnote 1] and was sentenced to 11½ to 23 months[Footnote 2] with a consecutive three[-]year probation. This guilty plea constituted a direct violation of his probation in the matter indexed at 5298-12. The same date, [appellant] was sentenced to 5 months to 12 months for the probation violation. This sentence was ordered to run concurrently with the sentence imposed in the matter indexed at 2270-13. Credit on both sentences dated from June 14, 2013.
>
> [Footnote 1] 18 Pa.C.S.A. [§] 3921(a).
>
> [Footnote 2] The statutory maximum for this offense was 42 to 84 months.
>
> On January 14, 2014, [appellant] filed a *pro se* "Motion for Reconsideration of Sentence." By Order of February 26, 2014, th[e trial c]ourt denied the Motion. [Appellant] did not file a direct appeal. On or about March 21, 2014, [appellant] was paroled in the cases indexed at 2270-13 and 5298-12.
>
> On May 29, 2015, [appellant] received a notice of violation of his parole/probation. The violation stemmed from new charges in Philadelphia County. A *Gagnon I*[Footnote 3] hearing was scheduled on September 29, 2015. At the time of the hearing, the matter was continued for two weeks to allow counsel to negotiate a possible agreement. On October 15, 2015, [appellant] was sentenced to time[-]served to five years for this probation violation. [Appellant] received credit from April 22, 2015 through October 15, 2015. No action was taken on the backtime remaining on his original parole.
>
> [Footnote 3] *Gagnon v. Scarpelli*, 411 U.S. 778 [] (1973).

> On February 29, 2016, [appellant] filed a *pro se* motion styled as a "Motion to Amend Jail Credits." By Order of March 8, 2016, th[e trial c]ourt denied the Motion as no action was taken on [appellant's] parole. On March 23, 2016, [appellant] wrote a letter to the [trial c]ourt requesting additional credits. On June 18, 2016, [appellant] again filed a "Motion to Amend Jail Credits."

Trial court opinion, 10/18/16 at 1-2 (footnotes in original).

As noted, on June 28, 2016, the trial court entered an order denying appellant's *pro se* "motion to amend jail credits." Appellant filed a *pro se* notice of appeal from this order that was docketed on July 29, 2016. On August 1, 2016, the trial court entered an order directing appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on August 9, 2016, and the trial court filed its Rule 1925(a) opinion on October 18, 2016.

On appeal, appellant contends that his October 15, 2015 probation revocation sentence was illegal because the trial court failed to award him proper credit for time-served. (Appellant's brief at 3; *see also* Motion to Amend Jail Credits, 2/29/16 at ¶¶ 5-8.) Specifically, appellant contends that he is entitled to receive credit for the 3 days he spent incarcerated following his initial arrest on March 12, 2013 through March 14, 2013, and for the 281 days that he spent incarcerated following his second arrest on June 14, 2013 through March 21, 2014, the date he was paroled. (Appellant's brief at 5-6.)

J. S36040/17

At first blush, while it does appear that the substantive argument set forth in appellant's ***pro se*** petition is meritless,[2] we are unable to conclude from the record that appellant is foreclosed from any remedy under the PCRA. Rather, controlling case law dictates that appellant must be afforded the assistance of counsel to pursue his first request for PCRA relief.

We explained in **Commonwealth v. Kutynak**, 781 A.2d 1259 (Pa.Super. 2001), an appellant is entitled to representation of counsel on a first PCRA petition, "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented." ***Id.*** at 1262; ***see also*** Pa.R.Crim.P. 904. In other words, appellant "is entitled to counsel for his first PCRA petition, regardless of the merits of his claim." **Commonwealth v. Wiley**, 966 A.2d 1153, 1159 (Pa.Super. 2009) (citation omitted); ***see also Commonwealth v. Smith***, 818 A.2d 494, 501 (Pa. 2003) (holding

---

[2] In **Commonwealth v. Bowser**, 783 A.2d 348 (Pa.Super. 2001), ***appeal denied***, 798 A.2d 1286 (Pa. 2002), a panel of this court held that a defendant whose probation was revoked because of another criminal conviction was not entitled to have time that he previously spent in jail, which had already been credited to the incarceration portion of his original sentence, to be credited to his probation revocation sentence. **Bowser**, 783 A.2d at 350. The **Bowser** court recognized that a defendant is only entitled to receive credit for time that he previously spent incarcerated when the maximum term of the revocation sentence and the time-served on the original sentence exceeds the statutory maximum penalty for the crime charged. ***Id.***; ***see also*** trial court opinion, 10/18/16 at 3. In **Commonwealth v. Yakell**, 876 A.2d 1040 (Pa.Super. 2005), this court reaffirmed the holding in **Bowser** that the PCRA court "was within its right not to grant any credit for the time served on the original sentence" because the aggregate sentence was less than the statutory maximum. **Yakell**, 876 A.2d at 1043.

- 4 -

that, "an indigent first-time PCRA petitioner is entitled to the assistance of counsel, whether or not the PCRA court ultimately concludes that the PCRA petition is untimely."). "While this entitlement [to appointed counsel] may be waived, petitioner may do so only after addressing his entitlement to appointed counsel with the PCRA court." ***Commonwealth v. Evans***, 866 A.2d 442, 446 (Pa.Super. 2005) (citations omitted).

Here, the record establishes that appellant was not afforded the assistance of counsel in pursuing what amounts to his first PCRA petition, contrary to the law of this Commonwealth. Accordingly, we vacate the trial court's June 28, 2016 order and remand for the appointment of counsel and further proceedings under the PCRA consistent with this memorandum.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017