J-S25038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY J. UPSHUR | : | |
| | : | |
| Appellant | : | No. 1236 WDA 2021 |

Appeal from the PCRA Order Entered September 14, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0000046-2012

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: OCTOBER 25, 2022**

Appellant, Jeremy J. Upshur, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the factual and procedural history of this case as follows:

> On May 21, 2012, Appellant…pled guilty to two counts of Indecent Assault of a Person Under the Age of 13, Unlawful Contact With a Minor, Endangering the Welfare of a Child, and Corruption of Minors.  [The c]ourt sentenced Appellant to an aggregate sentence of one year less one day to two years less two days [of] incarceration, with nine years of consecutive probation.  Appellant violated his probation and was resentenced by this [c]ourt on four occasions, most recently on December 10, 2019.  On that date, [the c]ourt imposed a new aggregate sentence of 4-10 years of incarceration and two years of probation to follow.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant did not file a direct appeal.

However, on November 10, 2020, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment." [The PCRA c]ourt appointed counsel, who subsequently raised the issue of time credit as an amended PCRA petition on June 15, 2021. [The PCRA c]ourt ultimately dismissed the Petition without a hearing on September 14, 2021. On October 1[4], 2021, Appellant filed a Notice of Appeal. [On October 21, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant filed his statement on November 19, 2021].

(PCRA Court Opinion, 12/10/21, at 2-3) (footnote omitted).

Appellant raises one issue on appeal.

Did the trial court impose an illegal sentence on December 10, 2019 when it failed to award [Appellant] time credit for the 184 days he spent incarcerated prior to his original sentencing hearing on May 21, 2012 (11/20/2011 to 5/21/12), the 182 days he spent incarcerated after his initial sentencing hearing and before being paroled (5/22/12 to 11/19/12), and the 365 days he spent incarcerated after his probation violation hearing on May 6, 2013 (5/6/13 to 5/5/14)?

(Appellant's Brief at 5) (unnecessary capitalization omitted).

Initially, we note that the PCRA court appropriately treated Appellant's motion for credit for time served as a PCRA petition. *See Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (stating: "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA"). Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision

- 2 -

is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues that when the court resentenced him on December 10, 2019, Appellant was entitled to credit for all the time that he spent incarcerated in the case prior to that date. Specifically, Appellant asserts the court failed to award him credit for the 184 days he spent incarcerated prior to his original sentencing hearing, the 182 days he spent incarcerated after his initial sentencing hearing and before being paroled, and the 365 days he spent incarcerated after his probation violation hearing on May 6, 2013. Because the court did not credit this time when it resentenced him on December 10, 2019, Appellant claims his sentence is illegal, and this Court must grant sentencing relief. We disagree.

"A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." ***Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa.Super. 2009) (citations omitted).

The Sentencing Code discusses credit for time served, and provides as

follows:

## § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

Instantly, Appellant's first complaint is that the court failed to award him credit for the 184 days he spent incarcerated prior to his original sentencing hearing from November 20, 2011 to May 21, 2012. Nevertheless, the record belies Appellant's assertion. (**See** Sentencing Order, 5/21/12) (stating: "The defendant shall receive credit for time served as follows: 184 days"). Significantly, "[t]his Court has held that a defendant is not entitled to 'receiv[e] credit against more than one sentence for the same time served.'" **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa.Super. 2014) (quoting **Commonwealth v. Merigris**, 681 A.2d 194, 195 (Pa.Super. 1996), *appeal denied*, 548 Pa. 616, 693 A.2d 587 (1997)). Thus, Appellant is not entitled to "double credit" for this period.

Appellant next contends that he is entitled to credit for the 182 days that he spent incarcerated from May 22, 2012 to November 19, 2012 following

his original sentence, and the 365 days of incarceration, from May 6, 2013 to May 5, 2014, that he spent incarcerated following his first probation violation hearing on May 6, 2013.

This Court has explained that "when, on one bill of information, there has been a sentence of incarceration followed by probation, and after release the defendant violates his probation, the maximum sentence for the probation violation when added to the original incarceration cannot exceed the statutory maximum sentence for the underlying crime." **Commonwealth v. Yakell**, 876 A.2d 1040, 1042 (Pa.Super. 2005) (citing **Commonwealth v. Williams**, 662 A.2d 658 (Pa.Super. 1995)). However, "when the total sentence for the probation violation, added to the initial sentence, is less than the statutory maximum, there is no requirement to give any credit for any of the time served on the original sentence." **Id.** at 1042-43 (citation omitted).

Here, the PCRA court explained its reasoning for denying relief as follows:

> [The trial court] originally sentenced Appellant to a year minus one day to two years minus two days. After his violation hearing on May 6, 2013, th[e c]ourt resentenced Appellant to one year minus one day to two years minus two days. At his next violation hearing on November 15, 2015, he was not sentenced to additional incarceration. On December 10, 2019, th[e c]ourt sentenced Appellant consecutive to 2-5 years at each of the Indecent Assault counts, for an aggregate sentence of 4-10 years [of imprisonment]. Each Indecent Assault count carried a maximum sentence of seven years, for a total of 14 years maximum sentence. The sentence imposed on December 10, 2019, added to the previous sentences imposed, equals 6 years less two days to 14 years less 4 days, which is less

than the statutory maximum of 14 years. Since the aggregate of the sentences imposed does not exceed the statutory maximum, the[e c]ourt was not required to award time credit. [**Commonwealth v. Bowser**, 783 A.2d 348, 350 (Pa.Super. 2001); **Yakell, supra**]. As a result, the PCRA [petition] lacks merit, and this [c]ourt did not err in dismissing it.

(PCRA Court Opinion at 4-5). Our review of the record supports the PCRA court's determination. **See Ford, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/25/2022</u>