**Luke OAKMAN, Petitioner**

v.

**DEPARTMENT OF CORRECTIONS, Marilyn S. Brooks, Superintendent, Gill, Records Room Supervisor of the State Correctional Institute at Albion, Pennsylvania, and Robert J. Durison, Director of CMR/PPS, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 2006.

Decided July 19, 2006.

Luke Oakman, petitioner, pro se.

Timothy A. Holmes, Asst. Counsel and Michael A. Farnan, Chief Counsel, Camp Hill, for respondents.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Before this Court is a *pro se* petition for review in the nature of mandamus filed in

---

our original jurisdiction by inmate Luke Oakman (Oakman) requesting this Court to order the Department of Corrections (Department) to credit him for time served on his original split sentence.

This matter was previously before the Court when Oakman filed his *pro se* petition to which the Department filed preliminary objections. To briefly recap the facts in that matter, Oakman was and still remains incarcerated in the State Correctional Institution at Albion (SCI–Albion) for a 1984 burglary he committed while on bail for another crime. Burglary is a felony of the first degree with a statutory maximum of 20 years. 18 Pa.C.S. § 1103. He pled guilty to the burglary charge and received a split sentence of one to two years of imprisonment followed by three years of probation. After serving the imprisonment portion of his split sentence between December 30, 1984, and January 7, 1987, he began serving the three-year probationary period. While on probation, he was arrested and convicted for robbery in violation of his probation for his crime of burglary. He was sentenced to two concurrent terms of four to 10 years for robbery with another two-month sentence for contempt of court to run consecutively. His three-year probationary period for the burglary crime was revoked on October 5, 1990, and he was re-sentenced on that crime (VOP sentence) to three and one-half years to seven years of incarceration with credit from December 30, 1984, to January 7, 1987, the time he served on the split sentence.

On June 11, 1993, the Department calculated Oakman's total sentence for all the offenses for which he owed time to be seven years, eight months to 17 years, with a maximum release date of May 16, 2005. This release date was calculated based on its reading of the VOP sentencing order that he was to be given credit for time served between December 30, 1984, and January 7, 1987, on the split sentence. However, on July 10, 2002, Robert J. Durison, in his capacity as Director of Classification, Movement & Registration of the Philadelphia Prison System, informed the Department that Oakman's credit of December 30, 1984, to January 7, 1987, was awarded to him in error and should be removed from his sentence. As a result, the Department, acting through Gill in her capacity as the record supervisor at SCI–Albion, removed the credit and changed Oakman's maximum release date from May 16, 2005, to November 19, 2006.

Oakman filed a Petition for Writ of Habeas Corpus and/or Mandamus in this Court's original jurisdiction alleging that the trial court had given him credit for the period between December 30, 1984, to January 7, 1987, when he was re-sentenced, and that the modification of his VOP sentence years after the sentence was issued to him without a hearing in violation of his due process rights, constituted double jeopardy and was illegal under 42 Pa.C.S. § 5505 [1] because it was issued more than 30 days after the trial court's original order. The Department filed preliminary objections in the nature of a demurrer contending that Oakman had not made out a claim upon which relief could be granted arguing that under *McCray v. Department of Corrections,* 582 Pa. 440, 872 A.2d 1127 (2005), and *Aviles v. Department of Corrections,* 875 A.2d 1209 (Pa.Cmwlth.2005), regardless of what the trial court had ordered, there could be no credit for time

1. 42 Pa.C.S. § 5505 provides: "Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

served unless the VOP sentence exceeded the 20–year statutory maximum for the crime of burglary which his sentence did not.

Relying on *Black v. Department of Corrections,* 889 A.2d 672 (Pa.Cmwlth.2005), we dismissed the Department's preliminary objections,[2] concluding that both *McCray* and *Aviles* did not hold that mandamus was unavailable if the VOP sentence did not exceed the statutory maximum, but only held that mandamus was unavailable where the order in question did not clearly provide that credit was to be given:

> Regarding *McCray,* we stated that it only held that where a VOP sentence does not award credit or the award of credit is ambiguous, the defendant is required to express his concerns about this matter by raising an objection to the sentencing court to clarify its sentence, not seek mandamus. Regarding Aviles, we stated that it only held that the trial court was presumed to have taken into consideration any time served prior to a violation of probation in the determination of the VOP sentence, and if the sentencing court wants to give credit and does so, it·must say so clearly. Finally, in *Black,* we went on to note that this was in accord with *Commonwealth v. Yakell,* 876 A.2d 1040 (Pa.Super.2005), where our Superior Court stated that because an award for credit for time served against the VOP sentence was discretionary, "[i]n the future, in order to prevent confusion such as happened in this matter, the trial court, when resentencing after revocation of parole or probation, should state on the record whether or not the new sentence is inclusive of the original sentence and formulate and furnish the new sentence accordingly." *Id.* at 1044.

*Oakman,* 893 A.2d at 837. We then went on to hold that where a sentencing court clearly gives credit against the VOP sentence for time served on the original split sentence, mandamus would lie to compel the Department to carry the trial court's sentencing order.

Because Oakman had pled in his petition that the trial court gave him credit against his VOP sentence for the time served on his original split sentence from December 30, 1984, to January 7, 1987, and because he alleged that the trial court's VOP sentencing order provided that he was to receive credit for time served, we concluded that mandamus could be maintained to have the Department comply with the clear instructions of the trial court and dismissed the Department's preliminary objection. Alleging that the trial court explicitly ordered that he receive time served on his original split sentence, Oakman filed a petition for summary relief requesting that mandamus be issued directing the Department to give him credit for time served between December 30, 1984, to January 7, 1987, as previously ordered by the trial court.

The Department does not dispute that the trial court's order clearly gave Oakman credit for the period in question and, in fact, admits the order provides *he should receive the credit.* Nonetheless, the Department boldly argues that Oakman does not have a clear right to mandamus because that right was negated when Durison, acting as the Director of Classification, Movement & Registration of the Philadelphia Prison System, decided that the sentencing judge incorrectly gave him credit for time serve because he provides sentencing information and has "the same force and effect as if coming from a judge." We beg to differ.

**2.** *Oakman v. Department of Corrections, et al,* 893 A.2d 834 (Pa.Cmwlth.2006).

Contrary to the Department's misguided belief, judges can change an order and only appellate courts—not administrative officials—may reverse an order of a trial court.[3] The Department, however, argues that if it is forced to rely on the trial court's orders, life will become an administrative nightmare. "Attempting to obtain sentencing information from other sources in Philadelphia such as sentencing judges or clerical staff is extremely burdensome." (Department's brief at 12–13.) Therefore, only the Director should be responsible for making decisions as to whether the sentencing order is correct. The Department continues to explain that: "[c]hanging procedures now could be an overwhelming task to both Philadelphia County and Department of Corrections employees. Such a change would require the Department's records staff to speak to numerous people (some of whom would be judges), assimilate all of the information, present it to all of the people involved, and get them all to agree on the correct sentence. All the while, attempting to do this with information that the Department does not possess and with information that could be over twenty years old, like Mr. Oakman's. Closing Pandora's box and putting all of the world's woes back in it would be more simple." (Department's brief at 13.) Its claims of administrative woe are of its own making because all its concerns are alleviated by simply doing what it is required to do—carry out the terms of the order. *McCray v. Pennsylvania Department of Corrections*, 582 Pa. 440, 872 A.2d 1127, 1133 (Pa.2005). ("The Department is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions.")

Because the Department is an administrative agency bound to follow the trial court's order and this Court's order as well, and there is no dispute that the trial court clearly stated that Oakman was entitled to credit for time served from December 30, 1984, to January 7, 1987, the Board is ordered to credit Oakman for that time served.

Accordingly, Oakman's petition for summary relief is granted.

## ORDER

AND NOW, this 19th day of July, 2006, the petition for summary relief filed by Luke Oakman is granted. The Department of Corrections is ordered to credit Luke Oakman's sentence for time served from December 30, 1984, to January 7, 1987.

---

3. Although the Department relies on *Abraham v. Department of Corrections*, 150 Pa.Cmwlth. 81, 615 A.2d 814 (1992), *overturned on other grounds by Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898 (1996), for the proposition that this Court may not question the propriety or corrections of a prison commitment form for purposes of sentencing, that case is inapplicable to this matter as *Abraham* deals only with the boilerplate language on a form regarding the place of incarceration and whether it is necessary for the form to be signed by a judge, not the sentence itself. That case does not support a conclusion that the Director of a corrections facility has the legal authority to overturn a trial court's order on sentencing.