IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jaquise Thomas,                          :
                    Petitioner          :
                                         :
        v.                               :
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :       No. 935 C.D. 2018
                    Respondent          :       Submitted: January 4, 2019


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  June 27, 2019


        Jaquise Thomas (Thomas) petitions for review from the June 21, 2018
order of the Pennsylvania Board of Probation and Parole (Board) denying Thomas's
request for administrative relief that challenged the Board's May 9, 2018 Order to
Recommit Thomas by alleging that the Board failed to credit to Thomas's original
sentence all the time to which he was entitled.  David Crowley, Esquire (Counsel),
Chief Public Defender of Centre County, who represents Thomas, asserts that the
appeal is without merit and seeks permission to withdraw as counsel.  For the
foregoing reasons, we grant Counsel's petition for leave to withdraw as counsel and
affirm the order of the Board.

        On January 9, 2014, Thomas pleaded guilty to manufacture, delivery,
or possession of a controlled substance with intent to deliver (PWID) and related

charges and was sentenced to an aggregate sentence of 3 to 6 years in prison. On June 28, 2016, the Board paroled Thomas[1] with a maximum date of June 28, 2019. *See* Certified Record (C.R.) at 13-14. During the first approximately half year of his term of parole, Thomas received a number of warnings for technical violations of his parole terms, but managed to avoid recommitment. *See* C.R. at 73. However, on January 12, 2017, Harrisburg City Police charged Thomas with aggravated assault, strangulation, and false imprisonment related to an incident involving Thomas's girlfriend (the domestic violence case), and a warrant issued for his arrest. *See* C.R. at 23-26. As a result, on January 18, 2017, the Board declared Thomas delinquent effective January 12, 2017. *See* C.R. at 27.

Thomas remained at large until February 6, 2017, at which time police arrested and again charged him with a new case of PWID and related charges stemming from an incident in a hotel room (the new drug case). *See* C.R. at 39-44. The Board issued a detainer at that time. *See* C.R. at 45. Thomas did not post bail on the new charges. *See* C.R. at 96 & 109.

On January 11, 2018, Thomas pleaded guilty in both the domestic violence case and the new drug case. *See* C.R. at 76-120. The trial court sentenced Thomas to 30 to 72 months for the new drug case and an additional 24 to 48 months for the domestic violence case, to be served consecutively to the sentence imposed in the new drug case. *See* C.R. at 97 & 110-11. The trial court applied the credit for the 340 days Thomas served from his February 6, 2017 arrest toward the 30 to 72 month sentence in the new drug case. *See* N.T. 1/11/2018 at 13-16; C.R. at 88-91 & 97.

---

[1] The Board granted Thomas parole on March 11, 2016, effective June 28, 2016.

On May 9, 2018, the Board issued the Order to Recommit, in which the Board stated Thomas owed 1,095 days of backtime and thus recalculated his maximum date to April 10, 2021 based on his April 11, 2018 return to custody on the detainer. *See* Order to Recommit, C.R. 139-40. On June 1, 2018, Thomas filed an Administrative Remedies Form and a Notice of Appeal that alleged the Board lacked the authority to alter his maximum sentence date and failed to credit his street time in its calculation of his new maximum sentence date.[2] *See* Administrative Remedies Form, C.R. at 177-92. On June 21, 2018, the Board issued its response to Thomas's Administrative Remedies Form finding that the Board properly calculated Thomas's maximum sentence date and denying Thomas's appeal. C.R. at 193.

On July 11, 2018, Thomas, through Counsel, petitioned this Court for review.[3] After reviewing the certified record, on October 26, 2018, Counsel filed an Application to Withdraw Appearance (Application to Withdraw) stating that Thomas's appeal lacks merit. In support of the Application to Withdraw, Counsel filed a letter to this Court explaining his conclusion that Thomas's claims lack merit (No-Merit Letter).[4]

---

[2] Thomas signed his Proof of Service on June 1, 2018. The Administrative Remedies Form was time stamped June 18, 2018. *See* Reproduced Record (R.R.) at 177 & 180.

[3] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[4] Counsel seeking to withdraw may file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), typically called an "*Anders* Brief." If Thomas has a constitutional right to counsel, counsel should file an *Anders* Brief. However, in cases that do not involve a constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence date, this Court only requires a no-merit letter explaining why the claim is meritless to support an application to withdraw. In a no-merit letter, the standard is "lack of merit," and in an *Anders* Brief, the standard is the "slightly more rigorous frivolousness standard," which requires "a

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel: (i) notifies the petitioner of the request to withdraw; (ii) furnishes the petitioner with a copy of a no-merit letter; and (iii) advises the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include substantial reasons for concluding that a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel complied with the requirements to withdraw. Counsel notified Thomas of his request to withdraw by serving a copy of the Application to Withdraw and the No-Merit Letter on Thomas as provided in Counsel's Proof of Service. *See* Application to Withdraw at 2, ¶ 3 & Proof of Service; No-Merit Letter, Proof of Service. The Application to Withdraw avers that Counsel notified Thomas of his right to retain new counsel and/or raise other points he deems worthy of consideration. *See* Application to Withdraw at 2, ¶ 3. In his No-Merit Letter, Counsel provided: (1) a summary of his review; (2) a summary of each issue raised by Thomas; (3) an analysis of each issue complete with citations to relevant case law, statutes, and regulations; and (4) his conclusion that Thomas's issues lacked

determination that the appeal lacks any basis in law or fact." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69-70 (Pa. Cmwlth. 2013). Here, we apply the lack of merit standard.

merit. *See generally* No-Merit Letter. Additionally, on October 30, 2018, Counsel mailed Thomas this Court's October 29, 2018 order informing Thomas of his rights to obtain substitute counsel or file a brief on his own behalf. *See* Counsel's Certificate of Service dated October 30, 2018; Order dated October 29, 2018. Because Counsel complied with the withdrawal requirements, we now independently review the merits of Thomas's claims.

Before this Court, Thomas argues that the Board violated his constitutional right to due process and protection against double jeopardy by changing the maximum date of his sentence because the Board lacks the authority to alter the maximum date, and also that the Board improperly calculated his maximum sentence date by failing to provide credit for the time Thomas spent at liberty on parole and failing to award a credit for time spent incarcerated while awaiting trial on his new charges. *See* No-Merit Letter at 2-6; *see also* Thomas's Notice of Appeal, C.R. at 178-80. These claims lack merit.

Initially, in Pennsylvania, a trial court's imposition of a total incarceration sentence does not impose a maximum sentence date. *See* 42 Pa.C.S. § 9756. Instead, Pennsylvania employs an indeterminate sentencing scheme whereby the sentencing court imposes a sentence with a maximum term of incarceration and a minimum term of incarceration not to exceed one-half the maximum sentence imposed. *Id.* The minimum term of incarceration determines the period before which an individual may not be paroled. *Id.* "The Department [of Corrections], not the Board, is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987). The Department of Corrections must follow the intermediate sentence range and the credit for time served imposed by the trial court

5

to calculate minimum and maximum incarceration terms. *Oakman v. Dep't of Corr.*, 903 A.2d 106, 109 (Pa. Cmwlth. 2006).

Parolees convicted of new criminal offenses committed while on parole are subject to recommitment as parole violators and may, in the Board's discretion, lose all credit for "time at liberty on parole," also known as "street time," upon recommitment. *See* 61 Pa.C.S. § 6138(a)(1)-(2.1). "When computing the time yet to be served on the original sentence, [a convicted parole violator's] street time is added to the original maximum expiration date to create a new maximum expiry." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). The only limitation on the recalculation of a parole violator's new maximum date where there has been a forfeiture of street time upon a new conviction is that the new maximum date may not exceed the total unserved balance of the original sentence. *See Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) ("It is well-settled that the Board is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term."). Also, parole violators must serve the balance of their original state sentence before serving new sentences. 61 Pa.C.S. § 6138(a)(5)(i).

Here, Thomas's argument that the Board lacked the authority to alter the maximum date of his original court-imposed sentence rests entirely on his belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, controls for purposes of recalculating his parole violation maximum date. Thomas is mistaken. Following his June 28, 2016 parole date, Thomas engaged in conduct for which he received multiple new criminal convictions. As a result, the Board recommitted Thomas as a convicted parole violator and, in the exercise of its discretion, denied Thomas credit for street time based on his poor

6

supervision history and the fact that his new convictions involved drug offenses and domestic violence. *See* Revocation Hearing Report, C.R. at 122-29; *see also* 61 Pa.C.S. § 6138(a)(1-2.1); *Armbruster*. Thomas's new maximum date was then recalculated by adding the unserved portion of his original sentence – the 1,095 days from his June 28, 2016 release on parole through his original maximum sentence date of June 28, 2019 – to April 11, 2018 – the date he was returned to custody on his original convictions – for a new maximum date of April 10, 2021. *See* Order to Recommit, C.R. at 139; *see also Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 981-82 (Pa. Cmwlth. 1980) (stating that service of backtime commences once parole is revoked). This imposition of Thomas's backtime to his original sentence was not the imposition of a new sentence, but instead was simply the direction that Thomas complete his original, judicially mandated sentence. *See Savage*. Additionally, the trial court correctly applied the 340-day credit for the time Thomas spent in jail following his February 6, 2017 arrest toward his sentence in the new drug case. *See* N.T. 1/11/2018 at 13-16; C.R. at 88-91 & 97; *see also Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) (noting that, when a parole violator does not post bail on a new arrest, following conviction, the time incarcerated on both the new criminal charge and the Board's detainer must be applied to the new sentence). Therefore, Thomas's argument that the Board erred in extending his new maximum sentence date beyond the maximum date of his original sentence lacks merit.

Further, to the extent Thomas argues that the extension of the maximum date of his sentence violates double jeopardy, this claim likewise lacks merit. As this Court has explained:

It is now clear that the Board's parole revocation proceedings are *not* part of a criminal prosecution but rather basically administrative proceedings to which the principles of administrative due process and administrative law apply. *Morrissey v. Brewer,* 408 U.S. 471 [] (1972). If the Fifth Amendment [of the United States Constitution] does not preclude the [Commonwealth] from imposing both criminal and non-criminal sanctions upon a defendant for the same conduct, we see no reason to extend the protection against double jeopardy to administrative proceedings of the Board as petitioner would have us do. Petitioner has cited no case law which would support such an extension and indeed all available case law supports the Board's position. *See Hughes v. Pennsylvania Board of Probation and Parole,* [] 473 A.2d 225 ([Pa. Cmwlth.] 1984).

We further note that the Board's action in recommitting petitioner as a technical and convicted violator had no effect upon petitioner's judicially imposed sentence. If petitioner was to present a valid double jeopardy claim, it is *that* sentence with which petitioner must contend. The Board's imposition of backtime was not the imposition of a new sentence but merely the directed completion of the original judicially-imposed sentence. The sentence imposed for a criminal offense is the maximum sentence and the minimum sentence merely sets the date prior to which a prisoner may not be paroled. *McClure* [*v. Pennsylvania Bd. of Probation and Parole*, 461 A.2d 645 (Pa. Cmwlth. 1983)]. As that sentence was not altered by the Board's action, petitioner's double jeopardy based upon the Fifth Amendment must fail.

*Gundy v. Pa. Bd. of Prob. & Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (emphasis in original and footnote omitted). Accordingly, Thomas's argument that the Board's recommitment and maximum sentence recalculation violated his constitutional or statutory rights lacks merit.

8

For the reasons stated, we agree with Counsel that Thomas's claims regarding the denial of his request for administrative relief of the Board's recommitment order lack merit. Accordingly, we grant Counsel's petition for leave to withdraw as counsel, and we affirm the order of the Board dismissing Thomas's request.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jaquise Thomas, :
        Petitioner :
 :
     v. :
 :
Pennsylvania Board of :
Probation and Parole, : No. 935 C.D. 2018
        Respondent :

O R D E R

AND NOW, this 27th day of June, 2019, the petition of David Crowley, Esquire, to withdraw as counsel is GRANTED, and the June 21, 2018 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge