# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Efrain Miranda, III,      :
     :
     Petitioner      :
     :
     v.      : No. 548 M.D. 2019
     : Submitted: April 24, 2020
Pennsylvania Department of      :
Corrections,      :
     :
     Respondent : 

BEFORE:     HONORABLE P. KEVIN BROBSON, Judge[1]
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: July 13, 2021

Before this Court, in our original jurisdiction, is the Pennsylvania Department of Corrections' (Department) Preliminary Objection (PO) to the Petition for Writ of Mandamus and/or Extraordinary Relief (Petition) filed by Efrain Miranda, III (Miranda). For the reasons that follow, we sustain the Department's PO and dismiss the Petition.

Miranda, a Pennsylvania state inmate, filed the *pro se* Petition challenging the Department's calculation of his sentence. By sentencing order certified September 14, 2012 (Original Sentencing Order), Miranda was initially

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

sentenced on multiple counts for an aggregate total of 9-21 years,[2] but on the "Special Conditions" sheet, under the "Special Provisions" section, it stated: "The aggregate sentence is not less than 12 years nor more than 29 years . . . ." Petition, Exhibit A. Through counsel, Miranda sought reconsideration of the order, which was denied.

On October 19, 2012, the Department wrote a letter to the sentencing court seeking clarification because the Department was unable to compute Miranda's sentence as directed based on the internal inconsistency. Miranda's counsel, who was copied on the letter, wrote to the sentencing court asserting that the time to modify the order had expired, as had the time to appeal, and that the sentencing court was without jurisdiction to alter Miranda's sentence based on the Department's inquiry.

By order dated November 28, 2012 (First Amended Order), the sentencing court restructured Miranda's sentence, modifying the total aggregate sentence from 9-21 years to 8-20 years. Petition, Exhibit F. By order dated December 27, 2012 (Second Amended Order), the sentencing court again restructured Miranda's sentence, modifying the total aggregate sentence from 8-20 years to 12-29 years. Petition, Exhibit G. On January 7, 2013, the Department recalculated Miranda's sentence to reflect a total aggregate sentence of 12-29 years based on the Second Amended Order.

Miranda filed his Petition in this Court challenging the Department's January 7, 2013 recalculation. Miranda argues that the Department should not have recalculated Miranda's sentence because the sentencing court lacked jurisdiction to modify Miranda's sentence. Miranda seeks a writ of mandamus to compel the

---

[2] The Original Sentencing Order separately stated the sentence for each count as well as the concurrent/consecutive relationship for each count.

Department to calculate his prison sentence in accordance with the Original Sentencing Order, not the amending orders, which he claims are illegal.

In response, the Department filed a PO in the nature of a demurrer on the basis that the Department is obligated to recalculate Miranda's sentence in accordance with the Second Amended Order, not the Original Sentencing Order. Even assuming that the Second Amended Order may have been entered without jurisdiction beyond the time for amending orders and/or without proper notice to Miranda, the Department maintains that it may not correct those matters. As an administrative agency, the Department lacks the power to adjudicate the legality of a sentencing order. In the context of a mandamus writ, Miranda has no clear right to have the Department disregard the sentencing court's Second Amended Order. Therefore, the Department asks this Court to sustain its demurrer and dismiss Miranda's Petition.[3]

## Writ of Mandamus

"Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy." *Sheffield v. Department of Corrections*, 894 A.2d 836, 840 (Pa. Cmwlth. 2006), *aff'd*, 934 A.2d 1161 (Pa. 2007). The

---

[3] "[A] preliminary objection in the nature of a demurrer is deemed to admit all well-pled facts and all inferences reasonably deduced from those facts." *Portalatin v. Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009). In determining whether to sustain a demurrer, this Court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Id.* A demurrer, which results in the dismissal of a suit, should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. *Sweatt v. Department of Corrections*, 769 A.2d 574, 577 (Pa. Cmwlth. 2001).

3

Department is an administrative agency charged with faithfully carrying out the sentences imposed by the courts, and it is without authority "to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray v. Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005). "Because the sentence imposed by a trial court is a question of law that involves no discretion on the part of the Department, mandamus will lie to compel the Department to properly compute a prisoner's sentence." *Barndt v. Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). However, mandamus is not available to compel the Department to perform an illegal act. *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001); *Fajohn v. Department of Corrections*, 692 A.2d 1067, 1068 (Pa. 1997); *Sturgis v. Doe*, 26 A.3d 1221, 1224 (Pa. Cmwlth. 2011). The Department may raise the legality of a sentence as a defense to a mandamus action. *Sturgis*, 26 A.3d at 1225.

In support of its demurrer, the Department relies on *Oakman v. Department of Corrections*, 903 A.2d 106 (Pa. Cmwlth. 2006). In *Oakman*, the petitioner sought mandamus relief to compel the Department to apply credit for time served as awarded by the sentencing court. The Department argued that it did not have to follow a court order because the sentencing court incorrectly awarded credit for time served. We disagreed explaining that the Department, as an administrative agency, was bound to follow the court's order, even if the Department believed the sentence to be illegal. *Oakman*, 903 A.2d at 109 (citing *McCray*, 872 A.2d 1133). We opined that only judges can change an order and only appellate courts may reverse an order of the common pleas court. *Id.* Discerning no issue with the sentencing court's award of credit, we directed the Department to apply credit for time served as directed. *Id.*

4

In support of his mandamus action, Miranda relies on *Powell v. Pennsylvania Department of Corrections*, 14 A.3d 912 (Pa. Cmwlth. 2011). In *Powell*, the petitioner filed a petition for review and a subsequent application for summary relief seeking mandamus relief to compel the Department to restructure his sentence. The petitioner argued that his sentence should be structured so that one of his sentences ran concurrently to the two other sentences as ordered by the sentencing judge. The Department sought clarification from the sentencing judge, namely, whether all three sentences were to run concurrently. The sentencing judge responded by letter that her sentence should run consecutive to the other two sentences imposed by another judge. Based on this response, the Department recalculated the petitioner's overall prison term, running two sentences consecutive to the third. *Powell*, 14 A.3d at 914.

Upon review, we opined that the Department was required *to comply with the sentencing orders as written* rather than an after-the-fact informal "clarification." *Powell*, 14 A.3d at 915-16. The sentencing orders were not facially incompatible with any law. The sentencing judge's clarification occurred after the expiration of the 30-day jurisdictional period to modify a sentencing order. *Id.* at 917-18. We opined that it is "the language of the judgment" itself that controls, "not statements of the sentencing judge which are not incorporated in it." *Id.* at 915-16 (citation omitted). We explained:

> If we were to allow the Department to recalculate [the petitioner's] sentence based on [the sentencing judge's] clarification letter, we would in essence be permitting [the judge] to modify her ... resentencing orders. A sentencing court, however, may modify a sentencing order only in limited circumstances. Section 5505 of the Judicial Code provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may

5

> modify or rescind any order within 30 days after its entry, notwithstanding prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. §5505. *Generally, once the [30]-day period has passed, the trial court lacks jurisdiction to modify a sentencing order.* [*Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994)].

*Id.* at 916-17 (emphasis added).

We noted that there is an exception to the 30-day rule when the order contains an "obvious and patent mistake[]." *Powell*, 14 A.3d at 917 n.5. "[A] sentencing court retains the power to correct obvious and patent mistakes" beyond the jurisdictional period. *Id.*; *see Commonwealth v. Cole,* 263 A.2d 339, 341 (Pa. 1970) (holding that an order granting both a new trial and an arrest of judgment was clearly contradictory; thus, the original order was patently erroneous and could be corrected even after the 30 days had passed). *See also Siluk v. Wetzel* (Pa. Cmwlth., No. 524 M.D. 2013, filed June 5, 2014) (sentencing court's imposition of flat 10-year sentences was an obvious and patent mistake, capable of correction, where the mandatory aggregate term amounted to 51 years and 9 months to 105 years), *aff'd*, 110 A.3d 993 (Pa. 2015).[4]

In *Powell*, we determined that this exception was not met, explaining that "[a]n omission from an original sentence . . . is not a patent error *per se*." 14 A.3d at 917 n.5. Consequently, the sentencing judge was divested of jurisdiction to modify her sentencing order when she responded to the Department's clarification request some three years later. We declared that "[w]e will not allow the Department to accomplish through administrative back-channels that which the sentencing court cannot achieve in its own right." *Id.* at 917. Thus, we granted the petitioner's

---

[4] Section 414(a) of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value but not as binding precedent. 210 Pa. Code §69.414(a).

application for summary relief, reasoning that the sentencing judge's order directed the sentence he imposed to be served concurrently with the petitioner's other two sentences. *Id.* at 919.

Here, the Department similarly sought an after-the-fact clarification from the sentencing court to determine whether the court intended to sentence Miranda to an aggregate term of 9-21 years or 12-29 years. Unlike in *Powell*, the sentencing court did not informally respond by letter regarding its intention, but instead issued two amending orders, which were entered onto the docket and carry the force of law.

Nevertheless, Miranda argues that the First and Second Amended Orders are untimely, illegal and unenforceable because the sentencing court was divested of jurisdiction to act after the 30-day window had closed. 42 Pa. C.S. §5505. Consequently, Miranda argues that the Department should not have performed the January 7, 2013 recalculation based on the Second Amended Order. Miranda asks this Court to compel the Department to calculate his term based on the 9-21-year term as expressed in the Original Sentencing Order.

Upon review, it appears that the sentencing court acted within its inherent authority to issue amending orders beyond the expiration of the 30-day period. The Original Sentencing Order sentenced Miranda to a total aggregate sentence of 9-21 years, but on the "Special Conditions" sheet, the order stated that the total aggregate sentence was 12-29 years. Miranda's total aggregate sentence was *either* 9-21 years or 12-29 years, but it could not be both. By imposing a total aggregate sentence of both 9-21 years and 12-29 years, the order was contradictory and incapable of execution. Such constitutes an obvious and patent defect. *See Cole*; *Siluk*. In response to the Department's request for clarification, the sentencing court

attempted to cure the defect by issuing the First Amended Order. The sentencing court restructured Miranda's sentences, which resulted in an aggregate sentence of 8-20 years, which was never expressed in the Original Sentencing Order. Shortly thereafter, the sentencing court issued the Second Amended Order again restructuring Miranda's sentence to reflect a total aggregate sentence of 12-29 years, which was consistent with the aggregate term expressly specified in the Special Conditions section of the Original Sentencing Order. This is the controlling order.

Even assuming that the Second Amended Order was a nullity because it was entered beyond the time for amending orders, the Department, as an administrative agency, lacks the authority to adjudicate the legality of the sentencing court's orders. *McCray*, 872 A.2d at 1133; *Oakman*, 903 A.2d at 109. The Department is required to carry out the terms of the Second Amended Order as written, which are not contrary to the law. *McCray*. Therefore, mandamus is not available to compel the relief Miranda seeks.[5]

Accordingly, we sustain the Department's PO in the nature of a demurrer and dismiss Miranda's Petition.

_____
MICHAEL H. WOJCIK, Judge

_____
[5] The only avenue available to Miranda is to petition the sentencing court for a modification of his sentence *nunc pro tunc*. *See Fajohn*, 692 A.2d at 1068.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Efrain Miranda, III,          :
                                  :
                Petitioner   :
                                  :
           v.                :  No. 548 M.D. 2019
                                  :
Pennsylvania Department of  :
Corrections,                :
                                  :
           Respondent :

## **O R D E R**

AND NOW, this 13th day of July, 2021, Respondent's Preliminary Objection in the nature of demurrer is SUSTAINED, and Petitioner's Petition for Writ of Mandamus and/or Extraordinary Relief is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge