# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Cordero-Velez,      :
      Petitioner     :
             :   No. 53 M.D. 2024
      v.        :
             :   Submitted: August 8, 2025
Commonwealth of Pennsylvania and  :
Pennsylvania Department of     :
Corrections Institution Mahanoy    :
Records Department, et al.,      :
      Respondents   :

***OPINION NOT REPORTED***

**MEMORANDUM OPINION**
**PER CURIAM**            **FILED: October 20, 2025**

    Before us are preliminary objections in the nature of a demurrer, filed by Commonwealth of Pennsylvania, Pennsylvania Department of Corrections, and Institution Mahanoy (SCI-Mahanoy) Records Department (collectively Respondents), to a petition for writ of mandamus filed *pro se* by Antonio Cordero-Velez (Petitioner). Petitioner, who is currently incarcerated at SCI-Mahanoy, seeks an order directing Respondents to correct his controlling minimum and maximum dates pursuant to a sentencing order issued by the Schuylkill County Court of Common Pleas. Upon review, we sustain the preliminary objections and dismiss the petition with prejudice.

# I. BACKGROUND[1]

Essentially, Petitioner disputes the impact of several sentencing schemes imposed by three courts of common pleas. On January 11, 2016, in Lancaster County, Petitioner was sentenced to an aggregate term of five to ten years of incarceration for firearm related offenses at docket 5989-14.[2]

Thereafter, in Montgomery County, on June 17, 2016, Petitioner's probationary sentence for burglary at docket 3503-12 was revoked. The court resentenced Petitioner to two and one half to five years of incarceration concurrent to all previously imposed sentences.

On December 30, 2016, Lancaster County sentenced Petitioner to an aggregate term of nine to eighteen years for burglary and related offenses at several dockets: 3581-15, 3586-15, 3594-15, and 3596-15. Notably, the sentencing orders for these dockets indicate that each individual sentence could be served concurrently to the sentence imposed at docket 5989-14. However, in order to reach the aggregate

---

[1] Unless stated otherwise, we derive this background from Petitioner's petition for review, and Respondents' preliminary objections and brief is support of their preliminary objections. *See* Pet. for Rev., 2/9/24; Resp'ts' Prelim. Objs., 4/25/24; Resp'ts' Br. in Supp. of Prelim. Objs, 7/16/24. In resolving preliminary objections, we "must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom." *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (*per curiam*) (citation omitted). We may reject "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* (citation omitted). Additionally, we may reject averments in a petition for review that conflict with exhibits attached to it. *Lawrence v. Dep't of Corr.*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007). We may take judicial notice of criminal dockets and "are generally inclined to construe pro se materials liberally." *Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999); *Elkington v. Dep't of Corr.* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), 2021 WL 2156909, at *4 n.4 (citing cases); *accord Moss v. SCI-Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1337 n.11 (Pa. Cmwlth. 2018).

[2] Petitioner was deemed eligible for Recidivism Risk Reduction Incentive (RRRI); thus, his minimum was reduced to 50 months. Additionally, he was awarded credit for time served from October 26, 2014, through January 11, 2016.

sentence, the sentencing court specified that several sentences must be served consecutively.[3]

Finally, in Schuylkill County, on February 20, 2019, the court imposed a one-to-two-year sentence for drug related offenses at docket 1505-18.[4] The sentencing order indicated that this sentence would not commence until the Lancaster County sentences had expired.[5] Subsequently, the court made two amendments to its judgment of sentence. On June 17, 2019, the court amended its original order to clarify that this sentence should run concurrently with the Montgomery County sentence imposed at docket 3503-12.[6] Per that amended order, "[a]ll other provisions . . . shall remain in full force and effect." Resp'ts' Prelim. Objs., Ex. F. Then, following proceedings pursuant to the Post-Conviction Collateral Relief Act (PCRA),[7] on September 18, 2023, the court again modified its original sentencing order to reflect that the one-to-two-year sentence would be

---

[3] Specifically, the court imposed the following:

| Docket: | Sentence: |
|---------|-----------|
| 3581-15 | 3 - 6 yrs (conc. to 5989-14) |
| 3586-15 | 1 – 2 yrs (conc. to 5989-14; cons. to 3581-15) |
| 3596-15 | 5 – 10 yrs (conc. to 5989-14; cons. to 3586-15) |
| 3594-15 | 1 – 2 yrs (conc. to both 5989-14 and 3586-14) |

Resp'ts' Prelim. Objs., Ex. D. *See Barndt v. Dep't of Corr.*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006) (noting an exception to the general rule against speaking demurrers where a petitioner has averred the existence of certain written documents and premised his cause of action on those documents).

[4] Apparently, Petitioner incurred charges while confined at SCI-Mahanoy. *See* Pet. for Rev., ¶ 14.

[5] Specifically, the court directed that "[t]he sentence(s) shall commence at the expiration of the sentence(s) imposed at Criminal Action CP-36-CR-3594, 3596, 3581, 3586-15; 5989-14 and shall be consecutive to that sentence(s)." Resp'ts' Prelim Objs., Ex. E.

[6] Petitioner claims that Respondents requested this amendment in order to change the conditions of his plea agreement and justify the longer period of incarceration. *See* Pet. for Rev., ¶ 3.

[7] 42 Pa.C.S. §§ 9541-9546.

concurrent to the sentence imposed at Lancaster County docket 3581-15. However, the court further directed that "[a]ll other provisions of the [original order] shall remain in full force and effect[.]" Resp'ts' Prelim. Objs., Ex. G (PCRA Order).

Following the court's judgment of sentence in Schuylkill County, Petitioner learned that his controlling dates of incarceration had changed. Prior to this sentence, Petitioner's minimum date was December 30, 2025, and his maximum date was December 30, 2034. However, this latest sentence resulted in adjusted dates of December 30, 2026, and December 30, 2036, respectively. According to Petitioner, his Schuylkill County sentence was governed by the terms of a plea agreement, which required that Petitioner would serve this sentence concurrently with any other sentence he was currently serving. To correct this error, Petitioner sought and eventually received the aforementioned PCRA relief. Nevertheless, in response, Respondents refused to adjust the controlling dates of Petitioner's incarceration.

Thus, on February 9, 2024, Petitioner commenced this action.[8] Essentially, Petitioner has alleged that Respondents have violated the PCRA Order by adding one year to Petitioner's minimum sentencing date and two years to his maximum. Claiming that he lacks any other adequate remedy at law, Petitioner seeks an order directing Respondents to adhere to the PCRA Order, and revert his minimum and maximum dates to December 30, 2025, and December 30, 2034.

---

[8] This Court issued a defect correction notice and order directing Petitioner to pay the filing fee or file a detailed request for *in forma pauperis* (IFP) status. *See* Defect Correction Notice, 2/12/24; Order, 3/14/24. Petitioner complied and was granted IFP status. Respondents were then directed to file an answer or other responsive pleading. *See* Order 3/27/24.

In response, on April 25, 2024, Respondents filed preliminary objections in the nature of a demurrer. Following briefing by the parties, the preliminary objections are ready for adjudication.

## II. DISCUSSION[9]

According to Respondents, Petitioner lacks a clear right to relief because his Schuylkill County sentence remains consecutive to several of the sentences imposed in Lancaster County. *See* Resp'ts' Br. at 15-18; Resp'ts' Prelim. Objs., ¶¶ 30-43. Additionally, according to Respondents, they have a duty to calculate the dates of Petitioner's incarceration as directed by the sentencing court, and the PCRA order requires that Petitioner serve the Schuylkill County sentence consecutively to several of those sentences imposed by Lancaster County. *See* Resp'ts' Br. at 18; Resp'ts' Prelim. Objs., ¶¶ 44-46. Finally, Respondents assert that Petitioner may have an alternative remedy to the extent he may request that the Schuylkill County court correct any patently obvious errors in his sentencing orders. *See* Resp'ts' Br. at 19; Resp'ts' Prelim. Objs., ¶¶ 47-49.[10]

"A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there is a clear

---

[9] Generally, "a court must decide whether it is clear from the well-pleaded facts and reasonable inferences from those facts that the claimant has not established a right to relief." *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 233-34 (Pa. 2017) (cleaned up). "A court considering a preliminary objection may take evidence and create a factual record, but it need not do so if it has sufficient information to rule on the objection." *Rehab & Cmty. Providers Ass'n v. Dep't of Hum. Servs.* (Off. of Developmental Programs), 283 A.3d 260, 262 (Pa. 2022); *see also* Pa.R.Civ.P. 1028(c)(2). "Because a demurrer challenges the legal sufficiency . . . , it should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Garcia v. Am. Eagle Outfitters, Inc.*, 331 A.3d 541, 547 (Pa. 2025) (cleaned up).

[10] Respondents concede, however, that timeliness and waiver issues may preclude relief under the PCRA. *See* Resp'ts' Prelim. Objs., ¶¶ 48-49.

5

legal right in the [petitioner], and a corresponding duty in the [respondents]." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005) (cleaned up). A petitioner must meet all three criteria for a writ of mandamus to issue. *Id.* at 1133.

A writ of mandamus "cannot be used to . . . review or compel the undoing of an action taken by [an official] or tribunal in good faith and in the exercise of legitimate jurisdiction, . . . or to perform the function of an appeal or writ of error." *Pa. Dental Ass'n v. Pa. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986) (*Dental*). In other words, mandamus cannot be "used to . . . direct the retraction or reversal of an action already taken." *Id.* A writ should issue only "to compel a tribunal or administrative agency to act when that tribunal or agency has been sitting on its hands." *Id.* (cleaned up).

The Department of Corrections is "charged with faithfully implementing sentences imposed by the courts[,] . . . and lacks the power to . . . add or delete sentencing conditions." *McCray*, 872 A.2d at 1133; *see also Oakman v. Dep't of Corr.,* 903 A.2d 106, 109 (Pa. Cmwlth. 2006) (recognizing that the "Department is an administrative agency bound to follow the trial court's order . . . ."); *Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (concluding that the power to change sentences "is vested with the sentencing court," which can amend clerical errors or patent and obvious mistakes beyond the statutory deadline for sentence modifications).[11] Additionally, "once [a] sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under 42 Pa.C.S. § 9757."[12] *See Com. ex rel. Smith v. Pa.*

---

[11] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.,* 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[12] Section 9757 provides:

*Dep't of Corr.*, 829 A.2d 788, 793 (Pa. Cmwlth. 2003) (*quoting Gillespie v. Dep't of Corr.*, 527 A.2d 1061 (Pa. Cmwlth. 1987).

Here, there is no clear legal right to change Petitioner's controlling minimum and maximum dates. While Petitioner argues that he should serve the Schuylkill County sentence concurrently with his other sentences, this is not how this sentence was originally structured. *See* Resp'ts' Prelim. Objs., Exs. E, G. In amending this sentence, the PCRA Order provides that Petitioner may serve it concurrently along with the Lancaster County sentence imposed at docket 3581-15, but it expressly directed that "[a]ll other provisions of the [original order] shall remain in full force and effect[.]" *See* PCRA Order. Those provisions included a requirement that Petitioner serve the sentence consecutively to several others imposed. Additionally, Respondents have a duty to implement sentencing orders. *See McCray*, 872 A.2d at 1133. Here, Respondents have faithfully implemented Petitioner's sentence as amended by the PCRA Order, which required Petitioner to serve his Schuylkill County sentence consecutive to several of his Lancaster County sentences. *See* Resp'ts' Prelim. Objs., Ex. A (providing Petitioner's current DOC sentence summary). The result is that one and two years, respectively, have been added to Petitioner's minimum and maximum dates. *See id.*

Finally, we also agree with Respondents that Petitioner may have an alternative remedy available. To the extent that Petitioner can establish a clerical error or patent and obvious mistake in the PCRA Order, Petitioner may seek relief

---

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S. § 9757.

in the Schuylkill County Court of Common Pleas. *See Ellsworth*, 97 A.3d at 1257. However, Respondents, as administrative agencies, lack authority to change trial court sentencing orders. *McCray*, 872 A.2d at 1133; *see also Oakman*, 903 A.2d at 109.

### III. CONCLUSION

Petitioner has failed to meet the criteria for a writ of mandamus; therefore, we grant Respondents' preliminary objections and dismiss the petition with prejudice.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Cordero-Velez, :
              Petitioner :
 :  No. 53 M.D. 2024
        v. :
 :
Commonwealth of Pennsylvania and :
Pennsylvania Department of :
Corrections Institution Mahanoy :
Records Department, et al., :
             Respondents :

**PER CURIAM**

## **O R D E R**

AND NOW, this 20th day of October, 2025, we SUSTAIN the preliminary objections filed by Commonwealth of Pennsylvania, Pennsylvania Department of Corrections, and Institution Mahanoy Records Department on April 25, 2024, and DISMISS WITH PREJUDICE the petition for review filed by Antonio Cordero-Velez on February 6, 2024.